## STATE *vs.* BENJAMIN STATON.

1. An indictment under the Act of 1868-'69, ch. 253, concerning the killing, &c., of stock "in any inclosure not surrounded by a lawful fence," which simply charges the injury &c., to have been committed on stock in "the field" of one A. B., is not certain to that extent required in such pleading, and after a conviction on such indictment, a motion in arrest of judgment will be sustained.

2. Such a defect is not an informality or refinement within the purview of the 14th sec. of 35th chap. of the Rev. Code, but is a failure to express the charge against the defendant in a plain, intelligible and explicit manner.

The case of *State* v. *Stanton,* 1 Ired., 424, cited and approved.

This was a motion in arrest of judgment made after conviction at Fall Term 1871, of the Superior Court of Transylvania county, His Honor, Judge Cloud presiding.

The indictment is in these words, viz : " The jurors for the State upon their oath present that Benjamin Staton, late of the county of Transylvania, on the 10th day of October, 1868, with force and arms at and in the county aforesaid unlawfully

and wilfully did abuse, weary* and injure the stock, to-wit: the hogs of one Isaac Heath, then and there being in the field of the said Benjamin Staton, the same not being surrounded by a lawful fence, to the great damage of the said Isaac Heath, contrary to the form of the Statute in such cases made and provided and against the peace and dignity of the State."

GUDGER, Sol.

His Honor sustained the motion, and arrested judgment; from this ruling, Mr. Solicitor HENRY appealed to this Court.

*Attorney General* for the State.
*David Coleman* for the defendant.

DICK, J. The Statute, (Acts 1868–'69, chap. 253,) declares: " That if any person shall kill or abuse any horse, mule, cattle hog, sheep or neat cattle, the property of another *in an inclosure, not surrounded by a lawful fence*, such person shall be deemed guilty of a misdemeanor, &c.

The indictment charges that the defendant Benjamin Staton "unlawfully and wilfully did abuse and injure the stock, viz: the hogs of one Isaac Heath, then and there being in the *field* of the said Benjamin Staton, the same not being surrounded by a lawful fence." After a verdict of guilty, the defendant moved to arrest the judgment on the ground that the offence created by the Statute was not charged with sufficient certainty in the bill of indictment.

In setting out a Statutory offence in an indictment, it is in general sufficient to describe it in the words of the Statute, if every fact necessary to constitute the offence is declared in

*Probably a mistake for "worry."

41

the Statute with certainty and precision 2 Hawk , ch. 25, sec. 3. Arch. Cr. Pl., 51.

As criminal statutes are usually drawn with deliberation and skill, it is the safest course to pursue strictly the words of the statute, as it precludes all questions about the meaning of the words used, and the Courts have always shown a great tendency in criminal proceedings to adhere to the strict letter of the law. It is not always absolutely essential to follow precisely the words of the statute ; equivalent words, in an indictment, will be held sufficient, but, they must state all the circumstances which constitute the definition of the offence in the statute, so as to bring the defendant clearly within it. *Commonwealth* v. *Bean*, 2 Leading Cr., C. Heard 172, and notes. Bish. C P., sec. 291, 269. *State* v. *Stanton*, 1 Ired. 424.

There have been hundreds of decisions in the Courts of England and of this country upon this question, and no rule has been laid down which will meet every case that may arise on this subject.

Mr. Archbold states a rule which will generally be found applicable. "When a word not in the statute, is substituted in the indictment for one that is, and, the word thus substituted is equivalent to the word used in the statute, or, is of more extensive signification than it and includes it, the indictment will be sufficient." Arch. C. P. 52.

In our case the words used in the statute in describing the offence, is "inclosure," the word substituted in the indictment is " field," and we have to consider whether the words come within the above rule.

Inclosure is a general term which includes several specific things : as, a farm, public square, cemetery, fortification, etc. The modified meaning of the word as used in the statute, is ascertained by reference to a statute *in pari materia* (Rev. Co. ch. 48,) to be "*inclosed* grounds," used for the purpose of habitations and husbandry, and separated from woodland or common by a fence or wall of some kind. Such an inclosure may

be a yard, graden, orchard, field, etc.   The word field has not as extensive a signification as inclosure, and therefore, the terms are not equivalent and the less cannot include the greater.

The word field has no technical signification in law, (1 Chit Pr. 160,) and we see by reference to Webster's Dictionary that it has thirteen different meanings.

The farmer speaks of a field, as part of his farm separately enclosed, but, the word is often used in common parlance to dis. tinguish cleared land from woodland.   Thus we often say "old field," which generally signifies a piece of land uninclosed. Thus it appears, that the indictment founded on the statute, instead of the words of the statute, uses other words which may have a different signification.   The charge in the indictment may be strictly true, and yet the defendant, be not guilty of the offence, contemplated and defined in the statute.

The defect in the indictment is not cured by the statute (Rev. Code ch. 36, sec. 14,) as it is not an " informality and refinement," but it is a failure to " express the charge against the the defendant, in a plain intelligible, and explicit manner."

The ruling of His Honor was correct and the judgment is affirmed.   Let this be certified.

PER CURIAM.                                      Judgment Affirmed.