## STATE *vs.* CHANEY WISE.

Where judgment cannot be pronounced against a prisoner, on account of the ambiguity in an indictment, in omitting to aver under what statute it was framed, there being two in reference to the same subject, such omission cannot be supplied by a plea to the further prosecution of the case, filed by the prisoner's counsel, admitting the time when the offence was committed.

No such effect can be allowed to the action of counsel, A record cannot be aided by matter *in pais.* Sufficient matter must appear on the record to enable the Court to proceed to judgment.

The prisoner was convicted of arson at Fall Term, 1871, of CRAVEN Superior Court. Judgment of death was pronounced. Prisoner appealed to the Supreme Court. At January Term, 1872, the judgment was arrested and the case remanded. At Spring Term, 1872, the case being called, the Solicitor moved for judgment according to the Act of 1869. The prisoner moved for his discharge, and filed the following plea, to wit: The said Chaney Wise saith that the State ought not further to prosecute the indictment against him, and ought not to hear judgment, because heretofore, at Fall Term, 1871, of this Court, he was indicted for the crime of arson, in an indictment ment as follows: (The plea here sets out a copy of the indictment, which is the same as heretofore given in the case reported 66 N. C. R. 120, and proceeds); that in support of said charge, one Mason was examined as a witness, and testified that the prisoner did set fire to and burn his dwelling house on the 1st day of August, 1871; that he was convicted on said indictment and judgment of death pronounced, from which he appealed to the Supreme Court. At said Court judgment was arrested. This he is ready to verify. Wherupon he prays judgment that he be dismissed.

J. H. HAUGHTON, Atto., &c.

The facts stated in the plea were admitted to be true by the Solicitor.

Whereupon the Court ordered the prisoner to be discharged. The State appealed.

*Attorney General, Battle & Sons, Dupre,* for the State.
*Haughton, Smith & Strong,* for the defendant.

PEARSON, C. J. When this case was before us, 66 N. C. 120, the motion for judgment of death was disallowed, on the ground that it could not be seen by the record, that the prisoner had been charged and convicted under the Act of 1871. On the argument of the present motion, it was conceded by the Attorney General, that the motion for judgment—confinement in the penitentiary, could not be allowed on the ground that it cannot be seen by the record, that the prisoner had been convicted under the Act of 1869, and so no judgment can be pronounced, unless the plea (as it is termed) against the further prosecution of the indictment, filed on the part of the prisoner by his counsel, in which the fact is set out, that upon the trial Mason testified, that, the house was burnt on the 1st day of *August,* 1871, which fact was admitted by the Solicitor for the State, has the legal effect to aid the indictment, and show that the prisoner was charged and convicted for a violation of the Act of 1871, and thus to remove the ambiguity in respect to whether the prisoner was charged and convicted for a violation of the Act 1871, or of the Act 1869. In which case it is insisted that judgment of death shall now be pronounced, as upon a conviction, under the Act 1871, although such judgment was not entered on the record, as it then appeared. No such effect can be allowed to the action of counsel. A record cannot be aided by matter in *pais.* Sufficient matter must appear on the record to enable the Court to proceed to judgment. *Rev. Code,* Ch. 35, Sec. 14.

There is no error.

PER CURIAM.                              Judgment affirmed.