## STATE *v.* HENDERSON ALLEN.

An indictment under the Act of 1868–69, chap. 253, (Batt e's Revisal, chap. 32, sec. 95,) for killing live stock under certain circumstances, which charges that the defendant on &c., at &c., "A certain mule of the value of one hundred dollars, the property of one J. S. E., the said mule being then and there within an inclosure not surrounded by a lawful fence, unlawfully and wilfully did abuse, injure and kill contrary," &c., is sufficient, though it would have been more satisfactory if it had stated whose the inclosure was, whether the defendant's, or some other person.

This was an INDICTMENT under the Act of 1868–'69, chap. 253, (Battle's Revisal, chap. 32, sec. 95,) in the following words, "That Henderson Allen, on &c., at &c., a certain mule of the value of one hundred dollars, the property of one John S. Ellis, the said mule being then and there within an inclosure not surrounded by a lawful fence, unlawfully and wilfully did abuse, injure and kill contrary," &c. Upon the trial at the Fall Term, 1872, of the Superior Court of GRANVILLE county, before his Honor, *Watts, J.,* the Court, among other things, instructed the jury that it was a violation of the statute referred to for a person wilfully to abuse, injure and to kill a mule the property of another in any inclosure whatever or whomsoever, not surrounded by a lawful fence, and such person would be guilty under the said statute, to which the defendant excepted. The jury found him guilty, and his counsel thereupon moved first, for a new trial for misdirection, which being refused, at Spring Term, 1873, of said Court, before his Honor, *Albertson, J.,* to which Term defendant was bound over, he moved in arrest of judgment, because of the uncertainty, informality and insufficiency of the indictment. This motion was also overruled and a judgment pronounced, from which the defendant appealed.

No counsel for the defendant.

*Attorney General Hargrove* and *Edwards,* for the State, referred to the case of *State* v. *Staton,* 66 N. C. Rep. 640.

READE, J. 1. The defendant moved for a new trial for "misdirection," without stating in what the misdirection consisted. The case states that his Honor, "among other things, charged the jury that it was a violation of the statute referred to in the indictment for a person wilfully to abuse, injure and kill a mule the property of another in any inclosure whatever, not surrounded by a lawful fence."

This charge seems to be in the terms of the statute substantially, and we regret that the defendant is not represented by counsel in this Court to suggest any error which may have escaped our attention.

2. The defendant moved in arrest of judgment "because of the uncertainty, informality and insufficiency," of the indictment, without specifying in what the uncertainty, informality and insufficiency consisted. This is at least as uncertain, informal and insufficient as the indictment is alleged to be; and the defendant has no counsel here to aid us. The indictment charges that the defendant killed the mule, &c. "The said mule being then and there within an inclosure not surrounded by a lawful fence, "without stating whose inclosure it was. We suppose that the objection was, that the indictment ought to have charged that it was the inclosure of the defendant. And that if he killed the mule in the inclosure of some other person not surrounded by a lawful fence he was not indictable. It would certainly have been more satisfactory to have charged that it was the inclosure of the defendant, or whose else inclosure it was, as a part of the description of the offense, and as a defense against a second conviction; but the mule and its ownership is given, so that the defendant can never be convicted again for killing that mule. But still it is with some hesitancy that we support the indictment, and we deprecate looseness and want of certainty and precision in pleading, and especially in criminal proceedings.

There is no error. This will be certified.

PER CURIAM.            Judgment affirmed.