The charge against defendants, as set out in the bill of indictment, was that they "unlawfully and wilfully did kill, injure and abuse one cow, one heifer, the property of one B. P. Johnson, which said cow and heifer, were then and there in an inclosure, not then and there surrounded by a lawful and sufficient fence, against the statute," etc.
Upon the evidence submitted by the State, the jury found the defendants guilty. It was then moved by their counsel, to arrest the judgment, for that the indictment is defective for want of certainty in describing the inclosure. Motion refused, and judgment against the defendants, from which they appealed to this Court.
"If any person shall kill any horse, mule, cattle, hog, sheep or neat cattle, the property of another, in any enclosure not surrounded by a lawful fence, such person shall be deemed guilty of a misdemeanor," etc. Battle's Revisal, Ch. 32, Sec. 95. *Page 69 
The defendants object to an indictment founded on the foregoing statute, for want of certainty, in the description of the enclosure, in which the offence is charged to have been committed. The indictment follows the words of the statute, but does not aver (71) to whom the enclosure belongs. It would have been better and more satisfactory, had it done so; but this Court after hesitation, held such an indictment to be good. State v. Allen, 69 N.C. 23.
As the case cited was decided at our last term, it is evident that it had not been seen by the defendant's counsel, when the appeal was taken.
Let it be certified that there is no error.
PER CURIAM. Judgment affirmed.
Cited: S. v. Parker, 81 N.C. 549; S. v. Whitaker, 85 N.C. 569.