STATE v. CLARK LILES.

*Indictment—Larceny of Growing Figs—Statutory Indictment—Suffi-
ciency of.*

1. An indictment under Bat. Rev. ch. 32, § 20, for the larceny of figs
remaining ungathered in a certain field, &c., which fails to allege
that they were "cultivated for food or market" is fatally defective.

2. In an indictment under a statute, where the words of the statute
are descriptive of the offence, the indictment should follow the
language and expressly charge the described offence, so as to bring
it within all the material words of the statute.

INDICTMENT for Larceny, tried at Fall Term, 1877, of AN-
SON Superior Court, before *Seymour, J.*

The defendant was indicted for stealing figs under Bat.
Rev., ch. 32, § 20, and the evidence was that the figs grew
upon a tree in a field used by the prosecutor for the cultiva-
tion of cotton, and that he was in the habit of using them
in his family. The tree was not otherwise cultivated than
by the cultivation of the field for cotton. The defendant's
counsel requested the Court to charge the jury that under
these circumstances the defendant was not guilty. This
was refused, and under the instructions given there was a
verdict of guilty. Judgment. Appeal by defendant.

*Attorney General,* for the State.
*Messrs. T. S. Ashe* and *Battle & Mordecai,* for the de-
fendant.

BYNUM, J. The defendant was tried on a bill of indict-
ment of which the following is a copy:—"The jurors for the
State upon their oath present that Clark Liles, late, &c., on
the first day of, &c., with force and arms, &c., one gallon of
figs of the value of sixpence, the property of Thomas P.
Dabbs, then and there standing and remaining ungathered

in a certain field of the said Thomas P. Dabbs there situate feloniously did steal, take and carry away, against the form of the statute," &c.

The indictment is founded on Bat. Rev., ch. 32, § 20, which is as follows :—" If any person shall steal or feloniously take or carry away any Indian corn, wheat, rice or other grain, or any cotton, tobacco, potatoes, pea-nuts, pulse or any fruit, vegetable or other product cultivated for food or market, growing, standing or remaining ungathered in any field or ground, he shall be deemed guilty of larceny and punished accordingly."

The words of the statute " cultivated for food or market " are omitted in the indictment and the question is whether that omission is fatal to the indictment on a motion in arrest of judgment. We think it is. The offence charged is not one indictable at common law, but is made so by statute only. Such statutes are strictly construed, and are never so construed as to make any act indictable which is not clearly made so by the statute. Figs are not named in the statute as the subject of larceny, and of course are not so, unless by *construction* they are included in the words of the statute " or any fruit, vegetable or other product." What kind of fruit, vegetable or other product is meant ? The words of the statute immediately following plainly show, to wit, those " cultivated for food or market." So the indictment omits the words of the statute constituting the main ingredient of the offence. Unless the figs are cultivated for food or market they are not the subject of larceny, and an indictment which omits this averment charges no statutory crime and is fatally defective. Proof will not supply the omission in the indictment. Figs are sometimes cultivated, and so are blackberries, but not always. But it was never intended by this statute to make blackberries growing in fence corners or persimmons on a tree standing in an abandoned old field, the subject of larceny. Figs sometimes grow in waste places

31

and without cultivation. Even in the present case if the indictment had been sufficient, the proof would not have sustained it, for although it was in evidence that the figs were used for food, it was also in proof that they were not cultivated. Whether it is necessary in an indictment for stealing corn, wheat, cotton and other products specifically named in the statute, to aver that they were " cultivated for food or market " it is unnecessary to decide. Figs are not named. It is sufficient to say, that it is a well settled general rule that in an indictment for an offence created by statute, it is sufficient to describe the offence in the words of the statute. Where the words of a statute are descriptive of the offence, the indictment should follow the language and expressly charge the described offence on the defendant, so as to bring it within all the material words of the statute. Otherwise it would be defective. Nothing can be taken by intendment. Whart. Am. Cr. Law, § 364; Bishop on Stat. Crimes, § 425.

There is error.

PER CURIAM.                         Judgment arrested.