## STATE v. W. K. PARKER.

*Indictment—Injury to Stock.*

An indictment for injury to live stock under Bat. Rev., ch. 32, § 95, which charges the offence as having been committed unlawfully, omitting the word "wilfully," is defective.

(*State.*v. *Staton*, 66 N. C., 640; *State* v. *Allen*, 69 N. C., 23; *State* v. *Simpson*, 73 N. C., 269; *State* v. *Painter*, 70 N. C., 70: *State* v. *Hill*, 79 N. C., 656; *State* v. *Ormond*, 1 Dev. & Bat., 120, cited and approved.)

INDICTMENT for a Misdemeanor under Bat. Rev., ch. 32, § 95, tried at Spring Term, 1879, of EDGECOMBE Superior Court, before *Eure, J.*

The bill charged that defendant with force and arms did unlawfully injure and abuse a certain hog the property of the prosecutor, said hog being at the time in a certain enclosure not surrounded by a lawful fence, contrary, &c. After a verdict of guilty, the defendant's counsel moved in arrest of judgment because the word "wilfully" or some other of similar import was omitted in the indictment. The motion was allowed, and *Collins,* solicitor for the state, appealed.

*Attorney General,* for the State.
*Messrs. Howard & Nash,* for the defendant.

DILLARD, J. This prosecution is founded on chapter 32, § 95 of Battle's Revisal for abusing a hog, the property of

another, in an enclosure not surrounded by a lawful fence, and in the bill of indictment the charge is that the abuse was done *unlawfully*, omitting " wilfully."

On conviction of the defendant, His Honor arrested the judgment on the ground that the word "wilfully" should have been used as necessary to a legally sufficient description of the statutory offence.

In the cases of *State* v. *Staton*, 66 N. C., 640; *State* v. *Allen*, 69 N. C., 23; *State* v. *Painter*, 70 N. C., 70, and *State* v. *Hill*, 79 N. C., 656, the indictment charged the offence, using both words, unlawfully and wilfully according to the precedents, and no objection was made to the sufficiency of the description in this respect. But in the case of the *State* v. *Simpson*, 73 N. C., 269, there was an omission of both, and the indictment was held defective.

In the enacting clause of the statute these words are not used, but the injury forbidden is forbidden in general words, so that any killing or abuse being unlawful simply would constitute an offence, although the thing done may have occurred, or been done by consent or from carelessness or accident; and hence it was that in the case of the *State* v. *Simpson, supra*, this court by construction held that it was necessary in bills of indictment under the statute in question to use both words to limit the general words of the statute.

We concur entirely in the correctness of the decision in *Simpson's case*, and the reasons on which it was based, and hold that the omission of the word " wilfully " in the present case leaves the statute too little limited. The abuse charged on the defendant may have been the result of carelessness or accident, without any assent or guilty participation of the mind of defendant therein; and if so, the case is not one designed by the act to be punished. And we hold therefore that in order to limit properly the general words of the statute, it is necessary to allege in the bill the injury

or abuse as done unlawfully and wilfully, or by some equivalent words.   Besides the cases cited, see *State* v. *Ormond*, 1 Dev. & Bat , 120.

PER CURIAM.                                    No error.