STATE v. THOMAS FOY.

*Larceny— What the Subject Of—Property Savoring of the Realty.*

It being a rule of the common law that larceny cannot be committed of things which savor of the realty and are at the time they are taken a part of the freehold, an indictment charging ·the larceny of a cabbage standing ungathered in the field of the owner, and concluding at common law, cannot be sustained.

(*State* v. *Sandy*, 3 Ired., 570; *State* v. *Muse*, 4 Dev. & Bat, 319, cited and approved.)

INDICTMENT for Larceny tried at October Term, 1879, of NEW HANOVER Criminal Court, before *Meares, J.*

The facts necessary to an understanding of the case are stated in the opinion. Verdict of guilty, judgment, appeal by the defendant.

*Attorney General,* for the state.
*Mr. J. D. Bellamy, Jr.,* for the defendant.

DILLARD, J. · The defendant was put on his trial at October term, 1879, of the criminal court of New Hanover, on a bill of indictment charging the larceny of a cabbage standing and remaining ungathered in the field or ground where grown, with a second count for receiving, concluding each count at common law.

On objection by defendant at the close of the evidence that he could not be convicted on the bill concluding at common law, the solicitor for the state acknowledged the point well taken, and on his motion His Honor ordered, against the opposition of the defendant that a juror be withdrawn and a mistrial had, and that he be held for trial on a new bill to be sent, concluding against the statute. A new bill was found, and on the arraignment, the defendant re-

lied upon the plea of former acquittal, and the issue joined thereon being decided adversely to him, he was allowed to plead " not guilty," and the issue on this plea was also found against him.    Thereupon the court pronounced judgment against the defendant, and from that judgment he appeals to this court.

On the argument in this court, it is assigned as error: 1. That His Honor dissolved the jury in a case of felony, before rendition of their verdict, without the consent of the defendant, and without any necessity therefor as required by law.    2. That His Honor held his plea of former acquittal unsustained by the record of the first bill of indictment and the facts admitted in relation to the trial thereon.

From the view taken by us of the record and case of appeal signed by the judge, it is not necessary to consider and express any opinion on the point argued in this court, as there is a ground on which we are bound to set aside the judgment of the court below.

The first bill of indictment concluding at common law was admitted by the state to be insufficient to warrant any judgment against the defendant, and the jury sworn thereon were discharged and the defendant held, that a new bill might be found concluding against the statute.    On examination, the new bill on which the conviction took place, by inadvertence of the solicitor, concludes the count for larceny at common law as did the first bill, and the count for receiving not having been insisted on by the state, it remains to consider whether any, and what judgment, was authorized by law on the verdict finding the defendant guilty of the alleged larceny.

By the common law, larceny can not be committed of things which savor of the realty, and are at the time they are taken a part of the freehold, such as corn and produce of land.    2 Russell on Crimes, 136.    Of this description was the article alleged to be stolen by the defendant.    It is charged

to be a cabbage standing and remaining ungathered in the field where it was planted and cultivated, and the severance and taking away of the same is at common law no larceny, but only a civil trespass.

It is however made larceny in this state by statute, (Bat. Rev., ch. 32, § 20,) to feloniously take and carry away, amongst other things, any vegetable or other product cultivated for food or market, growing, standing, or remaining ungathered in any field or ground. And a bill for larceny of any of the articles enumerated in this statute must conclude against the statute. It is settled that indictments given by statute must conclude *contra formam statuti* as a means of notifying the accused of what law he is charged with offending, and unless they so conclude, then the charge is at common law, and if by that law the thing done be no crime, there can be no judgment. *State* v. *Sandy,* 3 Ired., 570; *State* v. *Muse,* 4 Dev. & Bat., 319.

We therefore hold that it was error to proceed to judgment at all against the defendant, and the same is arrested. Let this be certified to the court below.

Error.                              Judgment arrested.