STATE v. HARDY ALLISON.

*Cruelty to Animals—Indictment—Jurisdiction.*

1. An indictment for cruelty to animals, charging that the defendant "did unlawfully and wilfully" cruelly beat, &c., was held to be sufficient under the act of 1881, ch. 368 (THE CODE, §2482), and cognizable in the superior court.

2. Such offence, under the act of 1881, ch. 34, must be charged to have been done "maliciously," and is within the jurisdiction of a justice of the peace.

(*State* v. *Simpson*, 73 N. C., 269; *State* v. *Parker*, 81 N. C., 548, cited and approved).

INDICTMENT for cruelty to animals tried at Spring Term, 1883, of IREDELL Superior Court, before *Graves, J.*

The defendant was indicted at spring term, 1883, for a violation of the act of assembly in reference to cruelty to animals. The indictment is substantially as follows: The jurors &c., present that the defendant, with force and arms, &c., "did unlawfully and wilfully overdrive, torture, torment, cruelly beat and needlessly mutilate a certain cow, the property of, &c., by beating said cow and twisting off her tail," contrary, &c. The jury found the defendant guilty, and on his motion the judgment was arrested and the state appealed.

Chapter 368 of the acts of 1881, referred to in the opinion of this court, provides that one who violates the same "shall for every offence be guilty of a misdemeanor." And by chapter 34 of the acts of the same session, it is provided that any person who shall "maliciously" kill, cruelly beat, &c., "shall be guilty of a misdemeanor, punishable by fine of not more than fifty dollars, or imprisonment not more than thirty days."

*Attorney-General*, for the State.
No counsel for defendant.

MERRIMON, J. No ground for arresting the judgment is specially assigned in the record, and a careful examination has not enabled us to discover any. The indictment sufficiently alleges the offence denounced by the statute. Acts 1881, ch. 368.

It was suggested that the court below may have regarded the offence charged as coming within the provisions of chapter 34 of the acts of 1881, and therefore a justice of the peace had exclusive original jurisdiction of it. If the court entertained

such view, it was erroneous. That act is confined to *malicious* injuries of the kind therein specified, and the indictment for violations of it must charge the offence to have been done *maliciously*. The measure of the punishment is specifically prescribed in it, and a justice of the peace, because of this, has jurisdiction in such cases.

The act first mentioned above is essentially different from it, and it is much more comprehensive in its terms and scope. Under its provisions, the acts forbidden and which constitute the offence, are in several respects different from those specified in chapter 34, of the acts of 1881, and the offence was complete whenever the act done was unlawfully and wilfully, though not maliciously done. This act makes the offence a misdemeanor, but does not specifically prescribe the punishment for it. The superior court, therefore, has jurisdiction.

The indictment charges that the defendant " unlawfully and wilfully did overdrive," and do sundry other acts not mentioned in chapter 34, but which are mentioned in chapter 368. This latter act omits the word *malicious*, and it is not provided in terms that the acts forbidden must have been done " unlawfully and wilfully," but this is plainly implied. It cannot be supposed that the legislature intended that a person who should accidentally do the acts prohibited should be indicted therefor. This court has repeatedly and expressly held otherwise in construing statutes containing similar provisions. The pleader, in preparing the indictment, properly alleged that the acts charged were done " unlawfully and wilfully." *State* v. *Simpson*, 73 N. C., 269; *State* v. *Parker*, 81 N. C., 548.

The court ought, therefore, to have given judgment for the state. There is error, for which the order arresting the judgment must be reversed. Let this be certified to the superior court of Iredell county, to the end that that court may proceed to judgment according to law. It is so ordered.

Error. Reversed.