STATE v. ALONZO THOMPSON.

*Larceny—Indictment.*

1. At common law, larceny cannot be committed of things which are a part of the
freehold at the time they are taken, but by statute in this State, any vegeta-
ble or other product, cultivated for food or market, growing, standing or
remaining ungathered in any field, is the subject of larceny.

2. An indictment under this statute which fails to charge that the article alleged
to be stolen, was cultivated for food or market, is fatally defective.

(*State* v. *Foy*, 82 N. C., 679; *State* v. *Liles*, 78 N. C., 496, cited and approved).

Indictment for LARCENY, tried before *MacRae, Judge,* and a
jury, at August Term, 1885, of the Superior Court of ROBESON
county.

The indictment was in the following words and figures, to-wit: "The jurors for the State, upon their oath, present, that Alonzo Thompson, late of the county of Robeson, on the 27th day of July, A. D. 1885, with force and arms, at and in the county aforesaid, one watermelon, of the value of a sixpence, the property of C. B. Thompson, then and there standing and remaining ungathered in a certain field of the said C. B. Thompson there situate, feloniously did steal, take and carry away, against the form of the statute," &c.

The defendant was convicted. There was a motion in arrest of judgment, which was overruled by the Court. Judgment was pronounced against the defendant, from which he appealed to this Court.

*Attorney General,* for the State.
*Messrs. French & Norment,* for the defendant.

ASHE, J. (after stating the facts). By the common law, larceny cannot be committed of things which savor of the realty, and are at the time they are taken a part of the freehold, such as corn and the produce of land. 2 Russell on Crimes, 136; *State v. Foy,* 82 N. C., 679.

But the defendant was indicted under the statute, which declares, "If any person shall steal, or feloniously take and carry away any maize, corn, wheat, rice, or other grain, or any cotton, tobacco, potatoes, peanuts, pulse, or any vegetable or other product cultivated for food or market, growing, standing, or remaining ungathered in any field or ground, he shall be guilty of larceny, and punished accordingly." The Code, §1069.

Can the indictment be sustained under the statute? We are of the opinion it cannot. Watermelons are not named in the statute as the subject of larceny, and it is no violation of law to steal them while growing and ungathered, unless by construction, they are included in the words of the statute, "or any fruit, vegetable or other product cultivated for food or market."

These words constitute the description of the offence, and unless the indictment follows the language of the statute, and expressly charges the offence, so as to bring it within the description, it is defective. This indictment omits the words, 'cultivated for food or market,' which constitute a material part of the description of the offence. It was so held in the case of *State* v. *Liles*, 78 N. C., 496.

There the defendant was indicted for the larceny of figs, " remaining ungathered in a certain field," &c., and the words "cultivated for food or market," were omitted, and it was held by this Court that the indictment, for that reason, was fatally defective. That case is directly in point and is decisive of this.

The judgment is arrested, and this must be certified to the Superior Court of Robeson county.

Error.                                    Judgment arrested.