THE STATE v. JOHN H. WHITEACRE.

*Evidence—Indictment—Statutory Crimes.*

1. While the Court may, for good cause, refuse to allow a plat or diagram prepared by one of the parties to an action to be used by a witness in illustration of his testimony, it is error to do so upon the ground that the other party did not have notice of its preparation or proposed use.

2. An indictment under §1006 of *The Code*, making it a misdemeanor to buy or receive cotton in the seed, &c., between the hours of sunset and sunrise, must set forth *the manner in which the articles were brought or carried.*

(*State* v. *Liles*, 78 N. C., 496, and *State* v. *Stanton*, 1 Ired., 424, cited).

CRIMINAL ACTION, tried before *Avery, Judge*, at Spring Term, 1887, of BEAUFORT Superior Court.

The defendant was convicted, and appealed.

The defendant was indicted for selling cotton in violation of §1006 of *The Code*, and tried before *Avery, Judge*, at the Spring Term, 1887, of the Superior Court of Beaufort County.

48

The indictment charges that "John H. Whiteacre, in Beaufort County, on the 1st day of November, 1886, a certain quantity of seed-cotton, to-wit, twenty pounds, the said cotton not then and there being baled, and being a less quantity than is usually baled, between the hours of sunset and sunrise, unlawfully and wilfully did buy from Rhoden Daniels, at a certain price, contrary to the statute," &c.

Upon the trial the defendant testified in his own behalf, and, while being examined, a plat or diagram of the premises was offered to show the position of the yard, houses, cotton, &c., for the purpose of illustrating the position of the defendant, and to show that he could not have seen or received the cotton.

Counsel for the defendant proposed to show that this was an exact plan of the defendant's premises.

The Solicitor for the State objected, upon the ground that no notice was given of the making of the plat, and that it was *ex parte* and irregular.

The objection was sustained and this was assigned as error.

*The Attorney General*, for the State.
*Mr. Geo. H. Brown, Jr.*, for the defendant.

DAVIS, J., (after stating the case). It is of frequent practice, when necessary to explain evidence and enable the jury to comprehend it fully, to illustrate the positions of parties, places, &c., by diagram, and no notice is required; in fact, they are frequently made by witnesses themselves in the progress of the examination, and often by the direction of the Court. The Court might, for good cause, exclude it. There was error in excluding the diagram upon the ground alleged.

An additional objection is raised in this Court, and the defendant moves in arrest of judgment, upon the ground that the indictment does not sufficiently charge the offence

created by the statute, in that it fails to allege that the cotton was "brought or carried," in some mode, as designated by the statute.

Section 1006 of *The Code* is as follows: "If any person shall buy, sell, deliver, or receive for a price, or for any reward whatever, any cotton in the seed, or any unpacked lint-cotton, brought or carried in a basket, hamper or sheet, or in any mode, when the quantity is less than what is usually baled, or when the cotton is not baled, between the hours of sunset and sunrise, such person so offending shall be guilty of a misdemeanor."

The evident mischief which it was the purpose of the statute to remedy was the surreptitious traffic in buying and selling cotton in small quantities in the night-time, when stolen cotton may be sold without easy detection, or when the character of the transaction may be easily concealed, if the unlawful purpose is participated in by both the buyer and seller; and the words "brought or carried in a basket," &c., are not mere surplusage, but indicate clearly that the purpose of the law was to prevent the *receiving or delivering* the cotton between the hours named; and the indictment must charge that it was brought or carried in some mode, as required by the statute, between the hours of sunset and sunrise. It is not sufficient to charge simply that the cotton was *bought or sold* within the prohibited hours; it must be further charged that it was brought or carried, and how brought or carried. Nothing can be taken by intendment. *State* v. *Liles*, 78 N. C., 496, and the authorities cited.

Would it be any violation of the statute if the cotton were brought or carried in the day-time and sold in the night? It is a safe rule to follow the language of the statute. Words thought essential by the Legislature in describing a statutory offence cannot be safely omitted, though there are some exceptions. *State* v. *Stanton*, 1 Ired., 424.

This case does not come within the exceptions, and the motion in arrest of judgment must be allowed.

Judgment arrested.