STATE v. W. H. HOWE.

*Indictment under a statute, form of—Gambling Table,* § 1045,
*The Code—*§ 1003, *The Code.*

1. Ordinarily, it is sufficient to describe an 'offence in the words of the
   statute.

2. A statute may be so inaccurately penned, that its language does not
   express the whole meaning of the Legislature, and by construc-
   tion its sense is extended beyond its words.   An indictment under
   a statute of this kind must contain averment of such facts as will
   bring the case within the true meaning of the statute.  Bat. Rev.,
   ch. 32, § 95, is an instance of such a statute.

100—29

3. But where a statute makes a particular act an offence, and describes the act by terms having a definite and specific meaning, without specifying the means of doing the act, an indictment need only charge the act itself, without its attendant circumstances; § 1045, of *The Code*, is an instance of such a statute.

4. An indictment under § 1045, of *The Code*, for keeping a gambling table, is good without any averment that the act was done "willfully and unlawfully," or that games of chance were played at such table, for money or other property.

This was an indictment for keeping a GAMBLING TABLE, at which certain games of chance were played, tried before *Meares, J.*, at January Term, 1888, of the Criminal Court of NEW HANOVER. The facts appear in the opinion.

*Attorney General*, for the State.
*Mr. J. D. Bellamy*, for the defendant.

DAVIS, J.   There were two indictments, and the defendant made a motion to the effect that the Solicitor should be required to elect and try only on one. This was refused, and the Court ruled that the two indictments should be treated as two counts in one indictment.

The first charged, that the defendant, "on the first day of January, etc.,   *   *   *   *   in a certain house of him, the said W. H. Howe, and in a certain car of him, the said W. H. Howe, with force and arms, at, and in the county aforesaid, did establish, use and keep a certain gaming table, the said table not being a faro-bank, but commonly called " Lotto," at which table certain games of chance were played, against the form of the statute," etc.

The second charged that the defendant " did wilfully and unlawfully establish, use and keep, and maintain a certain gaming table, not being a faro-bank, but commonly known as the game of Lotto or Keno, which said games of Lotto or Keno are games of chance at which money is bet, against the form of the statute," etc.

The defendant moved to quash the indictment for that,

1. "The first count is fatally defective, because it does not charge that games of chance were played for money or other property.

2. "The first count is defective, because it does not charge that the offence was committed unlawfully and wilfully.

3. "The second count is fatally defective, because it does not charge that games of chance were played at said table."

The defendant is indicted under § 1045 of *The Code,* which declares, that, "If any person shall establish, use or keep any gaming table, (other than a faro-bank) by whatever name such table may be called, at which games of chance shall be played, he shall on conviction thereof be fined," etc.

The indictment before us follows the language of the statute, but the defendant says that the first count is defective, because it does not charge that games of chance were played "for money or other property," or that the "offence was committed unlawfully and wilfully," and he says the second is defective, because it fails to "charge that games of chance were played at said table." Whether in the statute "*gaming tables*" does not, *ex vi termini,* mean a table at which games of chance or hazard are played for money or other thing of value, it is not necessary for us now to determine, though Bishop on Statutory Crimes, § 860, says: "Even the word gaming, without the prefix unlawful, seems usually to imply something of an unlawful nature, as betting on the sport," etc., nor need we determine what is necessary to constitute the "establishing, using or keeping" a gaming table.

Is it sufficient in this case to charge the offence in the language of the statute?

In *State* v. *Liles,* 78 N. C., 496, it is said to be a "well settled general rule that, in an indictment for an offence created by statute, it is sufficient to describe the offence in the words of the statute." Where the words of the statute are descriptive of the offence they, or words equivalent, must

be used to charge the described offence. *State* v. *Morgan,* 98 N. C., 641; *State* v. *Whiteacre,* 98 N. C., 753.

The *State* v. *Simpson,* 73 N. C., 269, is, as are some others cited, an exception to the general rule, and is undoubtedly predicated upon the inadvertent omission of the Legislature to insert the words "unlawfully and wilfully," or some equivalent word, or words to *create* the offence intended. The proper construction of the statute, under which Simpson was indicted, rendered the insertion of some such words necessary. They were necessary to *describe* the act intended to be made an offence by the statute, which declared that "if any person shall kill or abuse any horse, cow, hog, etc., the property of another, in any inclosure, not surrounded by a lawful fence, such person shall be deemed guilty," etc.

PEARSON, C. J., said "it is apparent from the nature of things, that these words are too broad and go beyond the meaning of the law makers * * * Common sense forbids the idea that it was the intention of the General Assembly to send to jail every person, who, by accident, kills, etc., * * * * Can any one suppose it was the intention of the General Assembly to make such acts indictable? Yet, they come within the words of the statute, which shows the necessity of adding the words "unlawfully and wilfully" in order to take such cases out of the operation of the statute. That these, or equivalent words were omitted by inadvertence on the part of the draftsman, and must be added by construction, in order to express the meaning of the act, can be seen," etc. So in the *State* v. *Stanton,* 1 Ired., 424, RUFFIN, C. J., said: "A statute may be so inaccurately penned that its language does not express the whole meaning the Legislature had, and by construction, its sense is extended beyond its words. In such a case the indictment must contain such averments of other facts, not expressly mentioned in the statute as will bring the case within the true meaning of the statute; that is, the indictment must contain such words as

ought to have been used in the statute, if the Legislature had expressed therein their precise meaning * * * * But where a statute makes a particular act an offence, and sufficiently describes it by terms having a definite and specific meaning, without specifying the means of doing the act, it is sufficient to charge the act itself without its attendant circumstances."

The *State* v. *Parker*, 81 N. C., 548, and *State* v. *Allison*, 90 N. C., 733, follow the ruling in the case of *State* v. *Simpson*, and for the same reason, and it will be observed that the Legislature subsequently amended the Act of 1868 by inserting the words "wilfully and unlawfully" before the word "kill," so as to make the Act express the true intent of the Legislature. (See *The Code*, § 1003).

Does the language used in § 1045 of *The Code* express the true intent of the Legislature, or was there an inadvertent omission of the words "unlawful and willful," which must be supplied by construction as was the case in the Act of 1868?

The language is precisely that of the Revised Code, Ch. 36, § 72, and the words "wilfully and unlawfully" are also omitted in the Revised Statutes, Ch. 36, § 64. It was no oversight of the draftsman. The language is absolute, and the act prohibited can not be lawfully done, and therefore it was not necessary to charge in the indictment that it was done "unlawfully and wilfully." If done at all it was unlawful.

In indictments for keeping a gaming house, at common law and similar offences, the precedents in Wharton use the word unlawful. (See Precedents 736 *et seq*). But, for keeping a gaming table under an Alabama statute, the form is given and the words "wilfully and unlawfully" are omitted. Form 755.

We conclude that the omission is not fatal under our statute, and there is no error.

Affirmed.