STATE v. S. F. WATKINS.

*Cruelty to Animals—The Code,* § 2482—*Indictment—Practice.*

1. In charging an offence created by statute, it is sufficient, ordinarily, if the indictment follows the language of the statute; but where the words of the statute designate by words of general meaning, rather than define, the offence, the indictment must set forth the acts constituting such offence.

2. The Court should refuse to give judgment when it appears that the offence is not sufficiently charged, even though no motion in arrest be made; and when it appears from the record that this should have been done, the Supreme Court will, *ex mero motu,* so direct.

3. An indictment which charged that the defendant did "knowingly, wilfully and unlawfully torture, torment and act in a cruel manner towards a certain animal," without setting out the facts which constitute such torturing, tormenting or cruel conduct, is defective, and should be quashed.

INDICTMENT for cruelty to animals, under § 2482 of *The Code*, tried before *Boykin, J.*, and a jury, at August Term, 1887, of WATAUGA Superior Court.

The facts are sufficiently stated in the opinion.

The defendant is indicted for an alleged violation of the statute (*The Code*, § 2482) which provides as follows: "If any person shall wilfully overdrive, overload, wound, injure, torture, torment, deprive of necessary sustenance, or cruelly beat, or needlessly mutilate or kill, or cause or procure to be overdriven, overloaded, wounded, injured, tormented, tortured, or deprived of necessary sustenance, or to be cruelly beaten, needlessly mutilated, or killed as aforesaid, any useful beast, fowl or animal, every such offender shall for every such offence be guilty of a misdemeanor."

The indictment charges that the defendant " did then and there knowingly and wilfully and unlawfully torture, torment, and act in a cruel manner towards a certain animal, to-wit, a hog, the property of," &c. The defendant pleaded not guilty. Upon the trial there was a verdict of guilty and judgment against the defendant, and he, having assigned error, appealed to this Court.

*The Attorney General*, for the State.

No counsel for the defendant.

MERRIMON, J. It seems that no motion in arrest of judgment was made in the Court below, but that Court should, in the absence of such motion, have refused to give judgment upon the ground that the offence was not sufficiently charged in the indictment. The Court cannot properly give judgment unless it appears in the record that an offence is sufficiently charged. It is the duty of this Court to look through and scrutinize the whole record, and if it sees that the judgment should have been arrested it will, *ex mero motu*, direct it to be

done. *State* v. *Wilson*, Phil., 237 ; *State* v. *Wise*, 67 N. C., 281 ; *State* v. *Bobbitt*, 70 N. C., 81 ; *Thornton* v. *Brady*, 100 N. C., 38; *Morrison* v. *Watson*, 95 N. C., 479.

It is sufficient and proper, ordinarily, to charge statutory offences in the words, or substantially in the words, of the statute creating them, and especially is this so when the statute defines the offence in words that have a technical or precise meaning, such as in themselves imply the offence, or the character and quality of the act or acts, or things that constitute it or an essential part or essential parts of it.

This is so, because the Court can in such case see and determine that an offence is charged in the indictment, and the accused will have such information in respect to it as will enable him to understand it, and make preparation for his defence, and as well enable him to plead former acquittal or conviction in case of subsequent prosecution. Thus in the statute recited above the words " beat," " cruelly beat," " wound " and " kill," of themselves respectively, taken in the proper connection, imply sufficiently the act forbidden and the offence charged.

It is otherwise, however, when the words of the statute are not precise, but are uncertain and indefinite in their meaning, implying a multiplicity and variety of acts or things that may or may not constitute the offence in whole or in part. In such cases it is necessary to charge the facts that give special character and significance to the acts charged to have been done, and as designated, with reasonable certainty in the statute cited, the animal abused, in order that the Court may see that the offence is charged and the accused may prepare for his defence. Thus the words of the statute mentioned—" overloaded," " injured," " tortured " " and tormented "—do not imply or describe the acts charged to have been done with certainty : they each imply a variety of acts that may or may not constitute the offence or parts of it. The acts should be so specified and charged as to show that

they mean what the statute intends by overdriving, injury, torture and torment. The Court must see that the offence is charged, and it and not the pleader must determine that the acts done constitute the offence denounced by the statute. *State* v. *Harney*, 2 D. & B., 390; *State* v. *Stanton*, 1 Ired., 424; *State* v. *Harper*, 64 N. C., 129; *State* v. *Sloan*, 67 N. C., 357; *State* v. *Liles*, 78 N. C., 496; *State* v *Hill*, 79 N. C., 656; *State* v. *George*, 93 N. C., 567; *State* v. *Wilson*, 94 N. C., 1015; *State* v. *Whiteacre*, 98 N. C., 753; *State* v. *Howe*, 100 N. C., 449.

In the case before us the indictment charges that the defendant "did," &c., "torture, torment and act in a cruel manner," &c. These are words of the statute, but they are not precise in their meaning; they designate rather than define the offence or suggest the acts that constitute it; they do not, of themselves, import what is meant by the statute; in pleading, they need to be aided by charging acts that certainly imply what is meant by the terms torture and torment, and they should be so charged as that the Court can see that they do. If the charge contained in the proper connection one or more of the words beat, wound, shoot, kill, and the like, the Court could then have seen that the offence was charged; such precise and pertinent words would have implied the offence forbidden. Such words were used in the indictments in *State* v. *Allison*, 90 N. C., 733; *State* v. *Butts*, 92 N. C., 784. See also Bishop on Stat. Crim., §§ 1098, 1102, 1113.

As what we have said puts an end to the present action, we need not advert to the assignment of error. The judgment must be set aside, and judgment arrested.

Error.