THE STATE OF KANSAS v. C. O. PATTERSON.

No. 680.

CRUELTY TO ANIMALS — *complaint for, under paragraph 2420, General Statutes of 1889, for overdriving, must state the facts; mere term "overdrive" not enough.* Where the complaint charged that defendant "did unlawfully overdrive and kill two animals, to wit, two geldings, the property of William Sullivan, contrary to the form of the statute," etc., under paragraph 2420, General Statutes of 1889, which provides that "whoever overdrives, overloads, drives when overloaded, overworks, tortures, torments, deprives of necessary sustenance, cruelly beats, mutilates or kills an animal, or causes or procures an animal to be so overdriven, overloaded, driven when overloaded, overworked, tortured, tormented, deprived of necessary sustenance, cruelly beaten, mutilated or killed, . . . shall be punished by imprisonment in jail not exceeding one year, or by fine not exceeding two hundred and fifty dollars, or by both such fine and imprisonment," it was error to overrule defendant's motion to quash such complaint.

Appeal from Butler District Court. Hon. A. M. Jackson, Judge. Opinion filed September 18, 1897. *Reversed.*

This was a criminal appeal from a justice of the peace. The case was tried upon an amended complaint, which thus charged the offense :

"That at and within the counties of Chase, Marion and Butler, and in the State of Kansas, on the twenty-sixth day of July, 1896, the said defendant, C. O. Patterson, then and there being, did then and there unlawfully overdrive and kill two animals, to wit, two geldings, the property of one William Sullivan, contrary to the form of the statute in such case made and provided and against the peace and dignity of the State of Kansas."

In the District Court, the sufficiency of this complaint was challenged by a motion to quash, and afterwards by a motion in arrest of judgment, both of which the court overruled. The case was tried, and

the defendant was convicted and sentenced.  He appeals.

L. C. Boyle, Attorney General, and H. W. Schumacher, County Attorney, for the State.

Madden Brothers, for appellant.

MILTON, J.  This was a prosecution brought under section 2420 of the General Statutes of 1889, which reads as follows :

"Whoever overdrives, overloads, drives when overloaded, overworks, tortures, torments, deprives of necessary sustenance, cruelly beats, mutilates or kills an animal, or causes or procures an animal to be so overdriven, overloaded, driven when overloaded, overworked, tortured, tormented, deprived of necessary sustenance, cruelly beaten, mutilated or killed, and whoever, having charge or custody of an animal, either as owner or otherwise, inflicts unnecessary cruelty upon it, or unnecessarily fails to provide it with proper food, drink, shelter or protection from the weather, shall be punished by imprisonment in jail not exceeding one year, or by fine not exceeding two hundred and fifty dollars, or by both such fine and imprisonment."

The appellant contends that the complaint is insufficient in several respects and that the court erred in overruling the motion to quash.  One of the objections made to the sufficiency of the complaint is, that it "does not set forth the nature of the accusation against the defendant" in that it fails to set forth the facts showing wherein the defendant overdrove the horses.  He argues that while it is sufficient, ordinarily, to charge the offense in the language of the statute, yet when the words are not precise and are uncertain in their meaning, or imply a multiplicity of acts that may or may not constitute the offense in whole or in part, it is necessary to charge the facts

THE STATE v. PATTERSON.                    679

Sept. 18, 1897.        Opinion.   Milton, J.             C. Div.

that give special character or significance to the acts charged to have been done. We think this contention is well founded. The Supreme Court of North Carolina, in *State v. Watkins* ( 101 N. C. 702, 8 S. E. Rep. 346 ), says in the syllabus : *

" Under Code N. C. § 2482, declaring it a misdemeanor to ' wilfully overdrive, overload, wound, injure, torture, torment, deprive of necessary sustenance, or cruelly beat, or needlessly mutilate, or kill, . . . any useful beast, fowl, or animal,' an indictment charging that defendant did wilfully, etc., ' torture, torment, and act in a crual manner towards ' a hog, does not sufficiently charge the statutory offense ; the words employed in the indictment not having any technical or certain meaning, but being rather conclusions from a number of facts."

And in the opinion :

" Thus, the words of the statute mentioned — ' overloaded,' ' injured,' ' tortured,' and ' tormented ' — do not imply or describe the acts charged to have been done with certainty : they each imply a variety of acts that may or may not constitute the offense or parts of it. The acts should be so specified and charged as to show that they meant what the statute intends by overdriving, injury, torture, and torment. The court must see that the offense is charged, and it and not the pleader must determine that the acts done constitute the offense denounced by the statute."

Bishop ( 1 New Criminal Procedure, § 629 ), in referring approvingly to the foregoing case, says :

"A technical term creating, not defining an offense, though sufficient in a statute, is wholly inadequate in the allegation. The indictment must cover, not necessarily the statutory terms, but the interpreted elements thereof. Thus ' torture'— under the statutory words ' maliciously and cruelly maim, beat, or torture any horse, ox, or other cattle,' a charge of torturing was held to require an expansion by showing the means

---

* This syllabus does not appear in the official report.—REPORTER.

'680                THE STATE v. PATTERSON.

S. Dept.            Opinion.  Milton, J.            6 Kan. App.

·and their effect; so as, in the words of Rayland, J., to enable the court to 'see that such means have the inevitable and natural tendency to produce the effect in which the criminal charge consists.' Hence the specification in the indictment that the defendant tied · brush or boards to the tail of a horse was inadequate, because this would not necessarily produce torture.''

In *The State v. Beverlin*, (30 Kan. 612), our Supreme Court uses the following language.:

''As a general rule, the indictment or information must contain a specific description of the offense charged, and it is not enough to state a mere conclusion of law; thus, it would be insufficient to charge the defendant with 'stealing' or 'murdering.' Wharton's Criminal Pleading and Practice, § 154. The object of this general rule, supported by the constitution and statute, is that the defendant may be fairly informed of the nature and cause of the offense charged against him, and that the court, by an inspection of the record alone, may determine whether, admitting the truth of the charge, a thing has been done which is forbidden by law. Notwithstanding this general rule, there are exceptions, as it is not requisite to charge in the information anything more than is necessary to clearly and adequately express the offense. It is sufficient to frame the information in the words of the statute, or in words of like meaning, in all cases where the statute so far individuates the offense that the offender has proper notice, from the mere adoption of the statutory terms, or of terms equivalent thereto, what the offense he is to be tried for really is. Wharton's Criminal Pleading and Practice, § 220.''

The section referred to in Wharton's Criminal Pleading and Practice reads as follows :

'' On the general principles of common-law pleading, it may be said that it is sufficient to frame the indictment in the words of the statute, in all cases where the statute so far individuates the offense that the offender has proper notice, from the mere adoption of the statutory terms, what the offense he is to be

THE STATE v. PATTERSON.        681

Sept. 18, 1897.        Opinion.    Milton, J.        C. Div.

tried for really is.    But in no other case is it sufficient to follow the words of the statute.    It is no more allowable, under a statutory charge, to put the defendant on trial without the specification of the offense, than it would be under a common-law charge.''

This is a case where the statute simply designates, and does not describe, the offense, and forms one of the exceptions to the general rule as to charging statutory offenses.    In the syllabus in *The State v. Foster* (30 Kan. 365), the court refers to the exceptional cases, in this language:

'' In charging statutory offenses, except in those cases in which the statute simply designates and does not describe or name the constituent elements of the offense, it is generally safe to use the language of the statute.''

The motion to quash ought to have been sustained. It was reversible error to overrule it.

The complaint is also properly criticized on the ground that it does not charge the offense as having been committed in Butler County alone, nor as having been committed partly in each of the separate counties mentioned.    It cannot be held to be sufficient in this regard.

It is also claimed that several of the instructions of the court are erroneous.    We think that, aside from the fact that they are affected by their necessary connection with an insufficient complaint, the instructions are correct.

The judgment of the trial court will be reversed, and the case remanded for a new trial.