[No. 8135.]

## McCausland v. The People.

1.   Criminal Law—*Malice*, is not a necessary element in a statutory offense, unless expressly made so, where there was no such offense at common law.*   (305)

2.   ——*Cruelty to Animals—Statute Construed.*   The words "in a cruel or inhuman manner" in Rev. Stat. Sec. 1910, refer to the next preceding words, "carries in or upon any vehicles, or otherwise." They have no application to the other distinct offenses denounced in the statute.*   (305)

3.   ——*Information*, charging that the accused did "unnecessarily and cruelly beat and needlessly mutilate" an animal, is sufficient. (306)

4.   Justice of the Peace—*Jurisdiction—Waiver of Defect.*   Prosecution under Rev. Stat. Sec. 1910.   The Justice issued a warrant for the arrest of the accused before the complaint was filed, and appointed the trial for a day more than ten days in the future.   The accused being convicted, appealed to the county court and went to trial there on the merits.   The appeal to, and trial on the merits in, the

county court waived the defects in the procedure before the Justice, who had jurisdiction of the subject-matter.* (307)

*Syllabus by Bailey, J.

*Error to Routt County Court.*—Hon. Chas. A. Morning, Judge.

Mr. Chas. T. Whitaker, Mr. Arthur L. Wessels, for plaintiff in error.

Hon. Fred Farrar, Attorney General, Mr. Frank C. West, Assistant Attorney General for The People.

Mr. Justice Bailey delivered the opinion of the court:

This is an action commenced in a Justice's Court in Routt County, against William J. McCausland, plaintiff in error, resulting in a judgment against him in the County Court, to which he took an appeal from an adverse judgment in the Justice's Court. The complaint upon which trial was had charges that "William J. McCausland, on the 8th day of July, 1910, in said County, did torture, torment, unnecessarily and cruelly beat and needlessly mutilate one roan gelding (horse) contrary to the form of the statute." etc. Defendant interposed a motion to quash on the ground that the complaint or information does not state facts sufficient to constitute an offense or crime under the laws of the State of Colorado, which was overruled. Upon trial, defendant's motion for dismissal for want of sufficient evidence having been overruled, the court, the cause tried before it by consent, found defendant guilty and imposed a fine of $10 and costs. He prosecutes this writ of error.

The controlling question turns upon the order overruling the motion to quash, because, as it alleged, the

offense is insufficiently charged. The sections of the statute for consideration read in part as follows:

"Every person who overdrives, overloads, drives when overloaded, overworks, tortures, torments, deprives of necessary sustenance, unnecessarily or cruelly beats, or needlessly mutilates or kills, or carries in or upon any vehicle, or otherwise in a cruel or inhuman manner, any animal  *  *  *  shall, upon conviction, be punished  *  *  *,  etc.  § 1910, R. S. 1908.

"In this act the word 'Animal' shall be held to include every living dumb creature; the word 'Torture,' 'Torment' and 'Cruelty' shall be held to include every act, omission or neglect whereby unnecessary or unjustifiable pain or suffering is caused, permitted or allowed to continue when there is a reasonable remedy or relief,"  *  *  *  § 1923, R. S. 1908.

The statute embraces separate and distinct offenses. The offense charged was not a crime or misdemeanor at common law, and therefore malice is not a necessary ingredient, since not expressly made so by statute. 1 R. C. L. §§ 108-109.

It is contended that as the charge did not contain the words of the statute "in a cruel or inhuman manner" it was insufficient. These words relate to the phrase immediately preceding them, concerning the carrying of animals. They cannot be said to qualify any of the other several preceding words or phrases, for each of them in and of itself alone indicates a complete offense. The only construction possible, and in accord with the plain purpose, terms and meaning of the act, is that these words are necessary and properly apply to only that part of the act above specified, thus completing the statement of the offense. That portion of the statute relating to the carrying of animals, when properly understood, must be held to mean that every person who carries in

or upon any vehicle, or otherwise carries, in a cruel or inhuman manner, any animal, shall upon conviction be punished, etc. This is only one of several offenses embraced in the statute.

It is further contended by plaintiff in error that a charge in the language of the statute does not sufficiently set out the facts which constitute the offense; that the words of the statute are so general and broad as to embrace cases which fall within its terms, but not its spirit, and therefore it was necessary to allege in the complaint specific facts to bring the case within the inhibition of the law. Among other things, the complaint charges that the defendant did "unnecessarily and cruelly beat" one roan gelding (horse). This was sufficient.—*State v. Watkins,* 101 N. C. 702, 8 S. E. 346; *State v. Allison,* 90 N. C. 733; *Commonwealth v. McClellan,* 101 Mass. 34; *Commonweath v. Lufkin,* 7 Allen (Mass.) 579. In Bishop on Statutory Crimes, 3rd ed., section 1115, it is said:

"Under the statutory word 'beat,' as in the expression 'cruelly beat any horse,' it is sufficient to say, in allegation, that the defendant, 'did beat' the animal, not specifying more minutely the beating. For the idea is simple, and this word alone adequately particularizes the act and the instance."

In *State v. Watkins, supra,* the indictment charged that the defendant "did * * * torture, torment and act in a cruel manner," etc. The court said:

"These are words of the statute, but they are not precise in their meaning; they designate rather than define the offense or suggest the acts that constitute it; they do not, of themselves, import what is meant by the statute; in pleading, they need to be aided in charging acts that certainly imply what is meant by the terms torture and torment, and they should be so charged as that

the court can see that they do.  If the charge contained in the proper connection one or more of the words beat, wound, shoot, kill,  and the like, such precise and pertinent words would have implied the offense forbidden."

Upon principle and authority we conclude that the offense was sufficiently charged.

Objection was made in the County Court to the jurisdiction of the Justice's Court, and also to that of the County Court on appeal, because of lack of jurisdiction in the Justice's Court.  The objections urged are based on the claim that the Justice set the case for hearing more than ten days off, contrary to the statute, and issued the warrant before the complaint was filed.  The Justice undoubtedly had jurisdiction of the subject-matter, and since the objections under consideration go to matters of form and procedure merely, they were such as could be and were waived by the defendant when he took an appeal to the County Court, which also had jurisdiction of the subject-matter, and there contested the charge on its merits.

The evidence supports the judgment, and it should be affirmed.

*Judgment affirmed.*

Chief Justice Musser and Mr. Justice White concur.