STATE v. SOLOMON WHITAKER.

*Justice's Warrant—Entering on land without License:*

The omission of the words, "unlawfully and wilfully," in a justice's warrant charging the defendant with a violation of the act in reference to entering on land of another after being forbidden, is a fatal defect.
(*State* v. *Simpson,* 73 N. C., 269; *State* v. *Parker,* 81 N. C., 548, cited and appproved.)

WARRANT for trespass on land heard on appeal at Fall Term, 1881, of HENDERSON Superior Court, before *McKoy, J.*

This was a criminal action against the defendant, tried before a justice of the peace in the county of Henderson, upon the following warrant: "Information having been made to me, the undersigned justice of the peace for said county, by the oath of James Bowen, setting forth that sometime during the month of March, 1880, in this county, Solomon Whitaker entered on his premises without a license therefor, after being forbidden by the said James Bowen so to enter, against the laws of the state, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state: This is therefore to command you to arrest the said Solomon Whitaker if to be found in your county, and bring him before me or some other justice of said county to answer the said charge, and be further dealt with as the law directs," &c.

The defendant was found guilty by the justice and sentenced to pay a fine, from which he appealed to the superior court, where at fall term, 1881, he was found guilty by a jury, and the judgment thereon was arrested by the court, from which the solicitor for the state appealed.

*Attorney General*, for the State.
*Mr. J. J. Osborne*, for defendant.

ASHE, J.   There is no bill of exceptions or statement of the case, as there should be, sent with the transcript, but in looking into the record we presume the judgment was arrested, upon the ground of a defect in the warrant, in not charging the act to have been *unlawfully* and *wilfully* done. The act under which the defendant was warranted, reads: " No person, after being forbidden to do so, shall enter on the premises of another without a license therefor ; and if any person after being thus forbidden shall so enter, he shall be guilty of a misdemeanor." Bat. Rev., ch. 32, § 116.

As a general rule, it is sufficient in draughting bills of indictment under statutes, to follow the very words of the statute, but there are some exceptions to this rule, as for instance, where the legislature by inadvertence has omitted words which are necessary to constitute a criminal offence. In such a case, it is proper that the words should be supplied by construction in order to express the meaning of the act. *State* v. *Simpson*, 73 N. C., 269. The indictment in that case was for a violation of the provisions of section 95, chapter 32 of Battle's Revisal, which made it a misdemeanor for any one to kill or abuse live stock in an enclosure, not surrounded by a lawful fence, and the words *unlawfully* and *wilfully* are omitted in the act, and Chief Justice PEARSON in speaking for the court, says: " It is apparent from the nature of things that these words (the literal words) are too broad and go beyond the meaning of the law-makers.   The

statute by necessary construction must be qualified by the addition of the words *unlawfully* and *wilfully*." Common sense, he says, forbids the idea that it was the intention of the legislature to send to jail every person who by accident kills his neighbor's cow by his permission. So in the case of *State* v. *Parker*, 81 N. C., 548, which was an indictment under the same section, the court commented upon and approved the decision in *Simpson's case,* and Mr. Justice DILLARD, in delivering the opinion said : " The abuse charged on the defendant may have been the result of carelessness or accident, without any assent or guilty participation of the mind of the defendant therein, and if so, the case is not one designed by the act to be punished. And we hold, therefore, in order to limit properly the general words of the statute, it is necessary to allege in the bill, the injury or abuse as done unlawfully and wilfully, or by some equivalent words."

The reasons assigned by the court in these cases for the construction of the section, so as to make it necessary in a bill of indictment for a violation of its provisions to charge the act to have been done *unlawfully* and *wilfully,* applies with equal if not greater force to indictments under section 116, for the conclusion that the omission of those words in that section was through inadvertence on the part of the legislature, is strongly supported by the fact that in the very next paragraph of the same section (a part of the same act of 1866, ch. 60,) it is provided, that, if any person not being the present owner or *bona fide* claimant of such premises, shall wilfully and unlawfully enter, &c. If it was not an inadvertent omission, we can see no reason for making the distinction. But the application of the construction to section 116 (act 1866, ch. 60,) is further supported by the title of the act, which is, " An act to prevent *wilful trespasses* to land and stealing any kind of property therefrom." It is true the title is no part of the act, and is usually an unsafe guide in

ascertaining the scope and purport of an act, but " when the mind labors to discover the design of the law-makers, everything which can aid this object may be resorted to, and even the title of the act, in such case, may receive a due share of consideration." *United States* v. *Fisher*, 2 Cranch. 386 ; Potter's Dwarris on Statutes, 103. Giving then to the title of the act a due share of consideration in its construction, we can come to no other conclusion, than that it was the intention of the legislature to embrace in it only such persons as may unlawfully and wilfully violate its provisions. This is the construction which has been almost uniformly given to the act by the prosecuting officers of the state ; for in almost every case in which appeals have come to this court from judgments in indictments under the two sections above cited, the offences have been charged to . be done *unlawfully* and *wilfully.* See the cases of *State* v. *Hill,* *State* v. *Allen, State* v. *Painter,* and some others.

There is no error. The judgment must be arrested.

No error. Affirmed.