WILLIAM JORDAN *v.* STATE OF MISSISSIPPI.

[39 South. Rep., 895.]

CRIMINAL LAW.    *Carrying concealed weapons.*   *Code* 1892, §§ 1026, 1027.
  *Affidavit.    Indictment.    Requisites of.*

  An indictment or affidavit for carrying a concealed weapon, under
    Code 1892, §§ 1026, 1027, prohibiting the carrying of deadly
    weapons concealed by persons other than certain excepted ones,
    is fatally defective if it fail to charge that the weapon was "un-
    lawfully" carried.

FROM the circuit court of Lee county.

HON. EUGENE O. SYKES, Judge.

Jordan, the appellant, was charged with and tried and con-
victed, in a justice of the peace's court, for carrying a deadly
weapon concealed, and appealed to the circuit court, where he
was again tried and convicted, and thence appealed to the su-
preme court.    The material point of the affidavit upon which the
prosecution was based is set out in the opinion of the court.

*L. P. Haley,* for appellant.

The affidavit is defective in that it does not charge an "un-
lawful" carrying.

*R. V. Fletcher,* assistant attorney-general, for appellee.

The affidavit sufficiently charges the crime under the statute.

CALHOON, J., delivered the opinion of the court.

The affidavit on which this prosecution is based is that the
defendant "did carry a certain deadly weapon—to wit, a pistol
—concealed on his person, against the statute in such cases made
and provided and against the peace and dignity of the state of
Mississippi," omitting the word "unlawfully."    The affidavit
is fatally defective.    It is entirely lawful to carry a pistol in

some instances, and the failure of the affidavit to charge that it was unlawfully done is a fatal defect. It charges no offense, and perjury could not be sustained against any witness who might testify falsely in the case. *Henry* v. *State,* 33 Ala., 389; *Perry* v. *People,* 14 Ill., 496; *Greer* v. *State,* 50 Ind., 267 (19 Am. St. Rep., 709); *Scudder* v. *State,* 62 Ind., 13; *State* v. *Whitaker,* 85 N. C., 568. Our state has been strict in requiring a valid charge against the citizen. *Louisville R. Co.* v. *Pool,* 72 Miss., 490 (16 South. Rep., 753); *Riggs* v. *State,* 26 Miss., 51. The affidavit was not asked to be amended by the state.

*Reversed and remanded.*