ARCH PITMAN v. STATE.

[65 South. 123.]

INDICTMENT. *Form. Unlawful. Criminal law. Sufficiency of affidavit. Objection in lower court.*

An indictment for carrying concealed weapons which fails to charge that the carrying was "unlawful" is fatally defective and since on account of the absence of such an allegation, no crime was charged, an objection thereto may be interposed for the first time in the supreme court.

APPEAL from the circuit court of Lawrence county. HON. A. E. WETHERSBY, Judge.

Arch Pitman was convicted of carrying concealed weapons and appeals.

The affidavit upon which he was convicted is in the following words, to wit: "Personally appeared before me the undersigned, an acting justice of the peace in and for district No. 1, of Lawrence county and state of Mississippi, L. R. Roberts, who makes affidavit (on information and belief) that Arch Pitman did on or about the 15th day of June, 1913, in said district No. 1, of said county and state, carry a weapon concealed, to wit, a pistol, against the peace and dignity of the state of Mississippi."

*J. C. Oakes,* for appellant.

Taking the first and second assigned errors together, it is manifest that the affidavit is void as charging no offense, and if the affidavit, upon which the prosecution rests, is void, the proceedings, had by virtue of the affidavit, are also void. The trial, the judgment and sentence are void. "It is entirely lawful to carry a pistol (concealed) in some instances and the failure of the affidavit to charge that it was unlawfully done is a fatal defect. *Jordan* v. *State,* 39 So. 895.

The state no doubt could have amended the affidavit if application had been made to the court for that purpose; but no such application was made. Code 1906, sec. 1511.

The objection to this affidavit is not of form but of substance. To charge that the act was unlawfully done is essentially the very essence of the offense, and unless so charged, the affidavit is void as charging no offense, and a judgment and sentence of the law could not follow upon a conviction had under it. A verdict of a jury does nothing more than certify the facts charged, and, if these do not show the party guilty, he cannot be considered to have violated the statute. *Norton* v. *State,* 16 So. 264.

The insufficency of the affidavit is not cured by verdict nor by appellant's failure to take advantage of the in-

sufficiency by demurrer before verdict. His is a constitutional right and cannot be waived, and neither section 1413 nor section 1426 have any application here. Where no offense is charged in the affidavit, advantage may be taken in the supreme court for the first time. *Norton* v. *State,* 16 So. 246, *Newcomb* v. *State,* 37 Miss. 383.

*Geo H. Ethridge,* assistant attorney general, for the state.

There was no demurrer filed to the affidavit in this case and under section 1426 of the Code all charges to the indictment appearing on its face shall be taken by demurrer and not otherwise before the jury to be empanelled in the case and if any formal defect should be found it may be forthwith amended. It was the duty of the defendant, if he desired to raise the sufficiency, to have raised the question at the proper time.

Under section 1511 it is provided that when an appeal is presented to the circuit court in any criminal case on the judgment of sentence of the justice court, it shall be permissible to amend the affidavit or proceedings so as to prove the merit of the case fairly. In the statute of joefail the verdict cured all defects in the affidavit.

Under section 4936 of the Code, this court cannot reverse, in this case, where the proceeding was not questioned before the verdict in the court below was given, or the defendant be made to sit by and go to trial on an amendable affidavit, and at the end of the trial, avoid the conviction because the instrument was not amended, as it may have been amended if the attention of the court had been called to it. In the case of *Jorden* v. *State,* a demurrer was interposed and the court held that it was well done, that the word unlawfully should have been changed.

There is one phase of this question that I desire to call to the consideration of the court, that seems not to

have been considered in the *Jordan case.* It is, that the offense of carrying concealed weapons is set forth in a seperate section and is expressly provided for in section 1105, that the burden of proving the offense or the circumstances which would make the carrying of concealed weapons unlawful, is placed upon the defendant. Wherever the exceptions are separate or contained in a separate statute their éxistence did not have to be negative in the indictment if it was sustained, or the adverse provided for, in the same statute which denounces the defendant, then the district attorney or prosecutor must negative such defenses by proper allegations. Where, however, the defenses are contained in separate statutes and the state does not have to place any allegations that would show or negative the idea that the carrying was a lawful carrying, when the statute places the burden to establish the fact to show that it was a lawful carrying, it is the duty of the defendant to raise such question by proper plea.

Section 1103, Code 1906, makes the carrying of concealed weapons, wholly or partially concealed, a misdemeanor. This section itself has no condition in it which would show that any person under any circumstances is allowed to carry any particular weapon concealed. I desire to especially call the attention of the court to this fact for the purpose of asking for a modification of the rule of the *Jordan case,* if that ruling, as made in that case, is broad enough to cover this case, and I further call to your attention that section of the Code, 1426, that requires all defects to be raised by demurrer. It is competent for the state to say, through its allegations, how the defences may be raised. Certainly a party may waive a right of any kind in a charge of misdemeanor. If he desires to avail himself of a demurrer, he would easily have done so. An amendable defect, which has been called to the court's attention, will not be cured by a verdict. It is well known that pleadings before a justice of the peace are not expected to be accurate.

The appellant did not defend on the ground that he had a legal right to carry a weapon and the legality of carrying concealed weapons is not under dispute in this record and for that reason there can be no reason for holding that the failure to do this was error. The appellant denied the fact that he carried concealed weapons and the mind of the trial judge and the jury was centered upon the fact as to whether or not he carried it concealed.

I respectfully submit that the case should be affirmed.

Smith, C. J., delivered the opinion of the court.

The failure of the affidavit to charge that the weapon was carried concealed "unlawfully" is a fatal defect. *Jordan* v. *State,* 87 Miss. 170, 39 So. 895.

Since, on account of the absence of such an allegation, no crime at all was charged, an objection thereto may be interposed for the first time in this court. *Newcomb* v. *State,* 37 Miss. 383.

*Reversed and remanded.*