STATE v. JOHN JACKSON and others.

*Conspiracy—Practice—Evidence—Plea in Abatement—Punishment.*

1. Regularly, proof of a conspiracy should precede proof of the guilt of the parties charged, but it rests in the sound discretion of the presiding judge to reverse this order, when thereby the case can be more conveniently developed.

2. When a case is continued, without requiring the presence of the defendant in court to enter his pleas, he is entitled, on his arraignment at a subsequent term, to plead a misnomer in abatement, or to enter any other plea which was open to him at the former term.

3. A conspiracy to charge one with infanticide, being only a common law misdemeanor, is not punishable by imprisonment in the penitentiary.

(*State* v. *Dean,* 13 Ired., 63 ; *State* v. *Earwood,* 75 N. C., 210 ; *State* v. *Christianbury,* Busb., 46, cited and approved.)

INDICTMENT for Conspiracy, tried at Fall Term, 1879, of WAKE Superior Court, before *Avery, J.*

The defendants, John Jackson, Anthony Cotten, Chaney Utley and Grace Burt, are charged with conspiring to impute to one Louisa Pierce the crime of infanticide, and to

cause her to be arrested, prosecuted and punished therefor. The indictment was found at June term, 1879, to which the defendants had been bound over, or were confined in prison from inability to give bail, and the cause without further action on it was continued. When the trial came on at August term following, the defendant, John Jackson, proposed to plead in abatement for misnomer, but was refused permission to do so, His Honor being of opinion that the plea should have been put in at the preceding term. Thereupon the defendants pleaded not guilty, and upon the issues were convicted. The other exceptions disclosed in the record are as follows :

1. The husband of Louisa Pierce, W. E. Pierce, was permitted to prove that his wife, in the presence of the defendant, Chaney Utley, said she had been delivered of still-born twins, and their bodies were then under the bed.

2. The witness, after objection from said Chaney, testified to a statement of Jackson that he had been told by his co-defendant, Cotten, of the reported murder.

3. The witness was allowed to show a search on the premises of Jackson and the finding on the hearth and in the fireplace the bones and teeth of some small animal.

4. Louisa Pierce testified to a declaration of the defendant, Grace Burt, when Cotten and Chaney were in the yard at the time looking towards them—" It is not Mr. Jackson, keep your eye on these hawks in the yard."

5. While the testimony was given in, tending to implicate some of the defendants, it was objected by their counsel that no further testimony should be received until the existence of the conspiracy was proved, or sufficient evidence thereof given to be submitted to the jury. In answer to this the solicitor stated that he expected to prove the guilt of the several defendants by their acts and declarations.

No objection was made to the charge of the court and no instructions asked. Verdict of guilty. Judgment that de-

fendant Jackson be imprisoned in the State's prison for ten years, Utley.for eight years, and Cotten for five years. Appeal by defendants. Judgment suspended as to defendant Grace Burt.

*Attorney General,* and *R. G. Lewis,* for the State.

*Messrs. Bledsoe & Bledsoe* and *W. P. Batchelor,* for defendants.

SMITH, C. J. We must assume from this acquiescence, and in the absence of any complaint, that when the testimony was all in and it was left to the jury to pass upon the proof of the offence and the complicity of the defendants in committing it, the evidence was reasonably sufficient to establish their guilt and warrant their conviction. Thus considered, the point presented in all the exceptions, except the third, and directly in the last, is, that the combination and common design imputed to the defendants should be first shown, and until this is done, it is irregular and inadmissible to enquire into the particular criminal conduct of the parties accused.

Although the usual and more orderly proceeding in the development of a conspiracy is to establish the fact of its existence, and then the connection of the defendants with it, yet the conduct of the trial and the order in which the testimony shall be introduced, must rest largely in the sound discretion of the presiding judge, and if at the close of the evidence, every constituent of the offence charged is proved, the verdict resting thereon will not be disturbed. In our opinion the defendants have no just grounds of complaint on account of this action of the court.

It is a rule well established that all who engage in a conspiracy, as well as those who participate after it is formed, as those with whom it originates, are equally liable, and the acts and declarations of each in furtherance of the common

illegal design are admissible against all.  *State* v. *Dean*, 13
Ired., 63 ; *State* v. *Earwood*, 75 N. C., 210.

The doctrine is thus lucidly stated by an eminent author :
" Every one who does  enter into a  common purpose or  de-
sign " (referring to a conspiracy) " is equally deemed in law
a party to every act which had before been done by the others,
and a party to every act which  may afterwards be done by
any of the others, in furtherance of such  common  design.
Sometimes for the sake of convenience the  *acts or decla-
rations of one are admitted in evidence before sufficient proof is
given of the conspiracy*, the  prosecutor undertaking to fur-
nish such proof in a subsequent state of the cause.  But this
*rests in the discretion of the judge,* and is not permitted except
under particular and urgent circumstances."  1 Greenl. Ev.,
§ 111.

In a recent case the very objection was made  that  proof
of the conspiracy must precede proof of the guilt of the
parties charged, and the reversal of this order in the intro-
duction of the evidence was assigned for error, and the court
declared that in this ruling " there was obviously no error
committed," and it is added " no authority is cited to show
that there was."  *People* v. *Brotherton,* 2 Green Cr. Law
Rep., 444.

We are unable to see the force of the third  exception or
any ground upon which it can be sustained.  The convic-
tion therefore of the appellants Anthony Cotten and Chaney
Utley must stand.

But it was erroneous to refuse to allow the plea in abate-
ment when tendered.  The defendants were arraigned at
August term and then the opportunity afforded them to set
up their defence.  An " arraignment," says LORD HALE, " is
nothing but the calling of the offender  to  the bar of the
court to answer the matter charged against him  by indict-
ment or appeal.  2 Hale's P. C., 216.  " If the prisoner hath
any matter to  plead either in abatement or in  bar of the

indictment, *misnomer, auter fois, acquit,* a pardon, &c., then he pleads it without immediately answering the felony." *Ibid,* 2J9. The defendant Jackson being denied the right to put in his plea when offered, is entitled to have this erroneous ruling corrected, and to this end a new trial must be ordered as to him.

There is error in the judgment of the court whereby the defendants are sentenced to imprisonment in the state's prison, each for a different term of years, which is unauthorized by law. The only kinds of conspiracy for which a statutory punishment is prescribed are those mentioned in Bat. Rev., ch. 32, §§ 142, 143, 147, 152 and 153, in neither class of which is that described in this indictment included. It is consequently but a misdemeanor at common law for which the offender may be fined and imprisoned in the county prison ; though in the present case one of peculiar atrocity in the object aimed at and in the means contemplated and attempted to accomplish that object. "Conspiracy is a misdemeanor even in those cases, when its object is the commission of a felony." 2 Bish. Cr. Law, § 231.

The offence is not embraced in section 120 of the Revised Code, ch. 34, the latter clause of which (changed as brought forward in Bat. Rev., ch. 32, § 108, and adopted to the existing law) provides that " punishment of the pillory shall be used only for crimes that are infamous or done in secrecy and malice or done with deceit and intent to defraud." *State* v. *Christianbury,* Busb., 46.

This section was intended to protect misdemeanors, not of the kind mentioned, from the common law punishment of the pillory and thus to restrain the import of the preceding words. But as all corporal punishment is abolished and imprisonment in the state's prison or county jail substituted in its place, the clause becomes practically inoperative. Bat. Rev., ch. 32, § 29.

The judgment rendered is therefore erroneous, and the

court below will proceed further in the cause in accordance with the law as declared in this opinion, and it is so ordered·

PER CURIAM.                                                                    Error.