STATE v. JOHN P. MALLETT and C. B. MEHEGAN.

(Decided December 22, 1899.)

*Indictment, Conspiracy—Appeal by State—Evidence—Supplemental Proceedings—Statute of Limitations—Misdemeanor—Felony—Books and Entries of Defendants—Eastern and Western District Criminal Courts.*

1. The Act of 1899, chap. 471, sec. 6, provides for appeals by the State in cases going from the Eastern District Criminal Courts to the Superior Court; and it is no objection to the validity of the act that the same provision is omitted, by inadvertence, in regard to appeals going from the Western District Criminal Courts to the Superior Court.

2. The same Act of 1899, sec. 23, transferred to the new Eastern District Criminal Court all causes pending in the First Criminal Circuit Court.

3. Facts developed on the examination of defendants in supplementary proceedings are, by The Code, secs. 488, (5) forbidden to be used in evidence against them in any criminal proceeding or prosecution. Where the trial Judge in the Criminal Court carefully excluded from the jury all evidence of the examination of the defendants in supplemental proceedings and all evidence derived therefrom, and only admitted evidence derived from proceedings before referees, before and after the supplemental proceedings, although of a similar character as that contained therein, there is no violation of the rights of the defendants under the statute.

4. The statute of limitations has no application to the offense charged. The Code, sec. 1097, having given the courts power to punish it with imprisonment in the penitentiary, the Act of 1891, chap. 205, makes it a felony.

5. As a rule of practice and prudence, when a defendant is convicted in the Criminal Court, and upon appeal to the Superior Court is awarded a new trial on some of the alleged erroneous rulings, he should ask for a decision upon all his points taken of record, so that, should the State appeal from the judgment granting a new trial, he may appeal also, from any adverse decision, to the Supreme Court. As, however, the system of appeals from the Criminal Courts is new, and not generally understood, the points taken of record but not passed on by the Judge of the Superior Court are, in this case, considered on the re-argument asked for:

   (1) The sheriff having seized by attachment the ledger and counter-book of the defendants, there was no error in using defendants' own entries therein, on the trial.

   (2) At the time of the commission of the alleged offense, the statute allowed no appeal to the State from the ruling of the Superior Court Judge. The statute of 1899, chap. 471, ratified March 6, 1899, allowed such appeal to the State, and the appeal in this case was taken July 7, 1899. The State had a right to regulate appeals in its own courts.

   (3) No such right of appeal is allowed the State in the Western District Criminal Courts. The omission does not injuriously affect the defendants.

   (4) This exception relates to the objection in regard to the examination of defendants in supplementary proceedings; and was sustained by the Judge of the Superior Court, and has already been considered in the opinion filed.

INDICTMENT against the defendants, John P. Mallett and C. B. Mehegan, also H. T. Latham (not on trial), for conspiracy to cheat and defraud their creditors, Julian M. Baker and Ida M. Adams, administrators, found in the Circuit Criminal Court of EDGECOMBE County, at November Term, 1897, and tried before *Sutton, J.*, at September Special Term, 1898.

The defendants were convicted, and from the judgment rendered appealed to the Superior Court, upon exceptions taken and noted during the trial.

The appeal came on to be heard by *Hoke, J.,* at June Term, 1899, of the Superior Court of EDGECOMBE County, who rendered the following judgment:

This cause coming on to be heard before *Hoke,* Judge Superior Court, holding said term, on appeal from a verdict and judgment had against them in Criminal Court of said county, the Court is of opinion that there was substantial error committed on trial of cause against defendants therein, for that, among other reasons, the facts developed on examination (of) defendants in proceedings supplemental to execution were, over their objections, used to effect their conviction. Both directly in evidence has Dr. Baker and Mr. Henry Gilliam, and indirectly by placing before this jury the evidence of these defendants, brought out by cross-examination before S. S. Nash, Referee, in which examination defendants were asked concerning some matters developed in said supplementary proceedings. It is true the case on appeal states that the Judge held, and so declared, that statements made by defendants in said supplementary proceedings were not competent evidence against defendants on this trial, but it is perfectly patent on inspection of the evidence set out, that the facts brought out on examination of defendants in said supplementary proceedings were necessarily used to develop their evidence before Nash, Referee, and both in this way and in other particulars directly was this examination in supplemental proceedings used to effect their conviction, contrary to statute.

The Court is also of opinion that Judge erred in not leaving to jury question whether the facts constituting crime charged were discovered within two years before action brought, this

STATE *v.* MALLETT.

being a misdemeanor and barred unless accruing or facts discovered within said two years.

It is therefore adjudged that defendants are entitled to a new trial, and it is ordered that this opinion and judgment be certified to Criminal Court to next term, that new trial may be had pursuant to this judgment.

. The State excepts, and takes an appeal. Notice waived.

W. A. HOKE,
*Judge Presiding.*

There were other exceptions, in the case on appeal to the Superior Court by the defendants, which were not passed on .by Judge Hoke, but which are noted in the opinion.

*Attorney-General, Messrs. Jacob Battle,* and *Gilliam & Gilliam,* for the State.

*Mr. G. M. T. Fountain,* for defendants.

CLARK, J.   This is an indictment for "conspiracy to cheat and defraud," and an appeal therein to this Court by the State from a judgment of the Superior Court, overruling the judgment of the Circuit Criminal Court, held in Edgecombe County.   In *State v. Davidson,* 124 N. C., 839, it was pointed out that an appeal should lie in such cases at the· instance of the State, and attention was called to the inadvertence of the Legislature (which alone has the power to prescribe the instances in which the State may appeal) in not amending sec. 1237, so as to embrace appeals by the State in cases going to the Superior Court from the Western Criminal Circuit.   This inadvertence did not occur in the act (Laws 1899, chap. 471), creating the Eastern District Court, sec. 6 whereof expressly provides for such appeals.   Sec. 23, of said act transferred to the new Eastern District Criminal Court all causes pending in the First Criminal Circuit Court.

125-—46

The judgment of the Superior Court overruled the Criminal Court on two grounds: First. Because facts developed on the examination of the defendants in supplementary proceedings were used to affect their conviction, contrary to the provisions of The Code, secs. 488 (5), which provides that the answers of a defendant in supplementary proceedings "shall not be used as evidenc against him in any criminal proceeding or prosecution." Second. That the Judge of the Circuit Court, having held that this offense was a misdemeanor, which by sec. 1177, of The Code, was barred only by the lapse of two years from its discovery, erred in not submitting to the jury the question whether the facts constituting the crime were discovered within two years before action begun.

As to the first point, a 'careful inspection of the record and case on appeal, sent up from the Criminal Court to the Superior Court, shows that the Judge of the Criminal Court in fact carefully excluded from the jury all evidence of the examination of the defendants in supplementary proceeding, and "all testimony based on information received from the examination of the defendants in such proceedings, and only allowed such as was had by the witness before the institution of the supplementary proceedings," and the same care to exclude such testimony was shown by him throughout the trial. There were proceedings, subsequent to the supplementary proceedings, and entirely independent of them, and for a different purpose, before S. S. Nash, Referee, and T. H. Battle, Referee, at which the defendants offered themselves as voluntary witnesses, and at which it is possible and probable they may have made statements similar to those they had made before the Clerk in supplementary proceedings, but such statements were not privileged, and were competent to be given in evidence against them (*State v. Hawkins,* 115

STATE *v.* MALLETT.

N. C., 712), and indeed, the defendants did not except as to them.

As to the second point: The Judge of the Criminal Court rested his ruling upon the ground that the offense, though a misdemeanor, was one committed by deceit, and as the evidence was uncontradicted, that the discovery thereof was within two years before the beginning of the prosecution the offense was not barred. In that view of the case, although the evidence was uncontradicted, the matter, in a criminal action, should have been left to the jury (*State v. Riley,* 113 N. C., 648), with an instruction that, if the jury believed the uncontradicted evidence that the offense had been discovered within two years before prosecution begun, the statute of limitation was not a bar. His Honor, however, correctly held as a matter of law that the prosecution was not barred by the lapse of time, and his having given a wrong reason therefor will not vitiate the ruling.

Up to the Act of 1891, chap. 205, in this State, we followed the somewhat arbitrary common-law rule as to what crimes were felonies, and what were misdemeanors, and under that conspiracy, and even such grave crimes as perjury and forgery, were misdemeanors. By the Act of 1891, North Carolina adopted the rule, now almost universally prevalent, by which the nature of the punishment determines the classification of offenses, those which may be punished capitally or by imprisonment in the penitentiary are felonies (as to which there is no statute of limitations), and all others are misdemeanors, as to which prosecutions in this State are barred by two years.

The Code, sec. 1097, provided that misdemeanors created by statute, where no specific punishment was prescribed, should be punished as at common law; and further enacted that as to misdemeanors that were infamous, or done in

secrecy and malice, or with deceit and intent to defraud, the offender might be punished by imprisonment in the county jail or penitentiary.   This, by virtue of the subsequent Act of 1891, chap. 206, made the classes of misdemeanors thus subjected to punishment in the penitentiary, felonies. The offense charged here, and of which the defendants have been convicted, was one done "with deceit and intent to defraud." It is the very essence and substance of it.   The Code, sec. 1097, having given the courts power to punish it with imprisonment in the penitentiary, the Act of 1891 aforesaid, makes it a felony, and the statute of limitations is not a bar.   The indictment properly charges the offense to have been committed "feloniously."   *State v. Purdie,* 67 N. C., 25; *State v. Bunting,* 119 N. C., 1200.

The judgment of the Superior Court must be reversed, and, as nothing further remains to be done in that court, this judgment will be certified by it to the Eastern District Criminal Court in Edgecombe County, that the sentence imposed by that court may be carried into execution.

Reversed.


CLARK, J.   After the above opinion of the Court had been filed, but before it had been certified down, the defendants filed a petition for reargument, assigning the following grounds:   First. Because there were other exceptions raised by the defendants on their appeal from the Criminal Court to the Superior Court which the Judge of the latter court did not pass upon.   The defendants should have requested the Judge to pass upon those exceptions, and if he had failed to do so, or held adversely to the defendants, they should have appealed.   *State v. Bost,* at this term.   In fact, those exceptions are trivial, and the Judge passed upon all that merited his attention, but as the practice in this class of appeals was

possibly not understood, we will consider now the only excep-
tion which the petition to reargue insists the Judge of the
Superior Court should have passed upon and held in favor of
the defendants, i. e., that the sheriff by attachment, having
seized the ledger and counter-book of the defendants, they
were put in evidence against them.   There certainly was no
error in using the defendant's own entries against them.
The shoes of a party charged with crime can be taken and
fitted to tracks as evidence, and in one case, when a party
charged with crime, was made to put his foot into the tracks,
the fact that it fitted was held competent.   *State v. Graham,*
74 N. C., 646.   Nor has it ever been suspected that, if upon
a search warrant, stolen goods are found in possession of the
prisoner, that fact can not be used against him.   Here, the
books came legally into possession of another, and the tell-
tale entries were competent against the parties making them
in the course of their business.

2. The next exception in the petition is, that at the time
of the commission of the offense the statute allowed no appeal
to the State from the ruling of the Superior Court Judge.
But the defendants had no "vested rights" in the remedies
and methods of procedure in trials for crime.

They can not be said to have committed this crime, relying
upon the fact that there was no appeal given the State in such
cases.   If they had considered that matter they must have
known that the State had as much power to amend sec. 1237
as it had to pass it, and they committed the crime subject to
the probability that appeals in rulings upon matters of law
would be given the State from these intermediate courts.   At
any rate, their complaint is of errors in the trial court, and
when they appealed to the Superior Court they did so by
virtue of an act which provided that the rulings of that court
upon their case could be reviewed at the instance of the State

in a still higher court. The appeal was certified up to the Superior Court, April 1, 1899, and on July 7, 1899, the appeal was taken to this Court. The statute regulating appeals from the Eastern District Criminal Court, chap. 471 Laws 1899, was ratified March 6, 1899.

3. The petition further urges that it is a discrimination because the act creating the Western District Criminal Court fails to give the State the right of appeal. We do not see how such omission injures the defendants. The State has control of its own legislation as to the cases in which it will permit appeals in its own behalf in its courts. *Hurtado v. California,* 110 U. S.

4. Lastly, the petition urges that the Judge of the Criminal Court refused a request to find the facts upon a preliminary plea in bar because not made till after three counsel had spoken on the merits. That simply raises the question discussed in the previous opinion as to the allegation that evidence of testimony taken in the supplementary proceedings was used against the defendants. The Judge, on this plea, held, that it had not been, and all through the trial, at every turn, rejected all evidence of what transpired in the supplementary proceedings. The former, or quashed indictment, was only introduced in reply to the plea that the present indictment was barred by the statute of limitations.

The former opinion of the Court is affirmed, and this will be certified to the Superior Court of Edgecombe County.

Motion denied.

DOUGLAS, J., dissenting. The late hour at which I have received the opinion of the Court on the petition for reargument, and the difficulty of examining two hundred and eighty-two pages of unprinted record, make it impossible for me to do justice to the case in any opinion that I may write;

STATE *v.* MALLETT.

but I am so firmly satisfied that these defendants have not had a fair trial in the Criminal Court, that I must at least, enter my earnest dissent.

This case was appealed by the defendants to the Superior Court, where they were granted a new trial by Judge Hoke, in the following judgment: "This cause coming on to be heard, on appeal of defendants from a verdict and judgment had against them in the Criminal Court of said county, the Court is of opinion that there was substantial error committed on the trial of the cause against the defendants therein, for that, *among other reasons*, the facts developed on examination of the defendants in proceedings supplemental to execution were, over their objections, used to effect their conviction, both directly in evidence has Dr. Baker and Mr. Henry Gilliam, and indirectly by placing before this jury the evidence of these defendants, brought out on cross-examination before S. S. Nash, Referee, in which examination the defendants were asked concerning the same matters developed in said supplementary proceedings. It is true the case on appeal state that the Judge held, and so declared, that statements made by the defendants in said supplementary proceedings were not competent evidence against the defendants on this trial, but it is *perfectly* patent on inspection of the evidence set out that the facts brought out on examination of the defendants in said supplemental proceedings were necessarily used to develop their evidence before Nash, Referee, and both in this and in the other particulars directly, was this examination in supplemental proceedings used to effect their conviction contrary to the statute," etc.

The fact that was "perfectly patent" to the able and learned Judge who granted the new trial, is equally so to me. I can notice only a few of the errors appearing in the record. It appears that the prosecuting witness, Baker, and his

attorney, were present at the examination of the defendants under supplementary proceedings, and conducted the examination, went before the grand jury as witnesses, on the bill of indictment, and were witnesses on the trial. Baker, on cross-examination, was asked the question: "Did you carry with you before the grand jury, when you testified there in this bill of indictment, the evidence taken in the supplementary proceedings?" This question was clearly competent and material as impeaching evidence, and yet it was excluded on objection by the State. In this I think there was substantial error. Again, the prosecutor, Baker, while testifying as a witness, was permitted to introduce what he said was the day-book and ledger of the defendants, to explain the character of the books, to read from them, and to comment on them. Can this be permitted, especially when the witness testified that his first knowledge of the book was received at the supplementary proceedings examination before the Clerk? I think this is error. Again, the first bill of indictment, that had been quashed, was introduced in evidence by the State on the general issue, over the objection of the defendants. In this I think there was error. Again, the defendants offered four witnesses to show what was testified to before the grand jury. This was clearly competent and material as tending to show the animus of the witness. I think it should have been admitted under the authority of *State v. Broughton,* 29 N. C., 96, a very instructive opinion by Chief Justice RUF FIN. Again, the State was permitted to introduce the register of a hotel at Kelford to show that H. T. Latham had registered his name as H. T. Thomas. Latham was not on trial, and yet this register was introduced as substantive evidence against the defendants, who had no connection with it whatsoever, on the ground that "there were *prima facie* grounds for believing in the existence of the conspiracy." I

STATE *v.* MALLETT.

do not clearly understand what that means, but can we say that under a general plea of not guilty evidence is admissible upon the sole ground that there are *prima facie* grounds for believing the defendants to be guilty? If it does not mean this, what does it mean? The conspiracy was the sole offense charged, and can that be *assumed as proved* before verdict? Again, upon the motion to quash, or the plea in abatement, or even upon the trial, why could not the defendants introduce members of the grand jury to show what the witnesses Baker and Gilliam had testified before them? *State v. Broughton, supra.*

Other errors appear to exist, but I have no time for elaboration. That a new trial should be granted as a matter of justice, is clear to me. I do not see why this Court can not pass upon all the exceptions appearing in the record before us. It is practically the record of the Criminal Court, with the addition of the judgment of the Superior Court, and the exceptions of the State. Every exception of the defendants is before us as fully as before the Judge of the Superior Court, and in the same exact words. I do not see the necessity for the adoption of an arbitrary rule that only complicates the system of appeals, adds to the labor and costs of both appellants and appellees, and may, in some cases, as in the present, work a substantial injustice. What good can it accomplish to counter-balance these evils? The Legislature originally provided for appeals directly to this Court, which would have avoided the difficulties now before us; but we held that provision unconstitutional in *Rhyne v. Lipscombe,* 122 N. C., 650. I think that we should now, as far as we have the power, simplify appeals so as to bring all causes to a final determination with as little cost, trouble and delay as is consistent with the proper administration of justice.