STATE v. H. M. LEWIS AND W. G. PADRICK.

(Filed 14 March, 1923.)

1. **Criminal Law—Actions—Consolidation—Indictment—Statutes — Misdemeanors.**

    C. S., 4171, changes the offense of a conspiracy committed with deceit and fraud formerly punishable by imprisonment in the penitentiary into a misdemeanor, although the punishment is more severe than that prescribed for a misdemeanor at common law. C. S., 4173.

2. **Same—Counts—Joinder.**

    Different counts relating to the same transaction, or to a series of transactions tending to one result, may be joined in one indictment of the same defendants, although the offenses are not the same grade.

3. **Same—Misjoinder—Multiplicity.**

    Where there is conviction under counts of an indictment with evidence sufficient that the two defendants were guilty of the offense charged, one as principal and the other as accessory, and the jury has returned a verdict of guilty on each of the counts, each of the defendants is equally guilty; and exception for misjoinder or multiplicity on the ground that one count was solely against one of the defendants is untenable.

4. **Criminal Law — Accessory — Conspiracy—Indictment—Evidence—Instructions—Trials.**

    Where there are counts in an indictment charging that the two defendants had conspired together to commit the crime alleged, and the evidence

tended to show that each was guilty or innocent of the conspiracy, an instruction is proper that if the conspiracy is established they both must be found guilty.

APPEAL by defendant Lewis from *Horton, J.,* at October Term, 1922, of VANCE.

The grand jury returned five indictments against the defendants. In the first they are charged ,with the larceny of a check for $1,000, the property of the United States Fire Insurance Company of New York, and receiving the check knowing it to have been stolen; in the second and third, with conspiracy to defraud the insurance company; in the fourth, the defendant Lewis is charged with obtaining $1,000 from the insurance company by the false representation that his car had been stolen and the defendant Padrick with being accessory before the fact; and in the fifth, the defendant Lewis is charged with practically similar false pretenses.

The defendants did not offer any evidence. The State's evidence tended to show these circumstances: In February, 1921, the defendant Lewis purchased from his codefendant Padrick a five-passenger .Essex car, which was identified by its shape, chassis, color, etc. Lewis paid a part of the price, and on 14 February, 1921, gave his note for $704 to Padrick, who endorsed it and had it discounted by the First National Bank of Henderson. On 8 February, 1921, Lewis insured the car for $1,000 against loss by fire or theft. About 1 June, 1921, Lewis became a policeman in Henderson, and remained on the force until 1 February, 1922. On the night the car was reported as stolen, 25 August, 1921, Lewis and a man named Wooten were engaged in conversation for some time near the car. The car was missing about two hours later, when Lewis went to the firehouse and, after saying his car had been stolen, phoned to several towns in regard to this theft.

Sixty days later the car was in Padrick's possession. About this time Padrick sent the car at midnight to the home of a man named Pearce, who operated a repair shop or garage out in the country to have it repaired. Next morning Pearce found that the motor would not work and had to be replaced by another. Padrick told him to take the old motor out and put in another, which Padrick sent him. After it was repaired, Padrick got the car and used it until the middle of December, 1921, when he sold it to W. T. Nash. While Nash had it, Lewis saw the car nearly every day. Kreidt bought it from Nash in January, 1922, and Lewis saw it frequently until the middle of May. When Kreidt asked Lewis if it was his car he answered "No."

The detective Davis testified that the numbers on the car on which the defendant Lewis collected the $1,000 insurance were the same as the factory numbers of the car he found in the possession of Kreidt except

41—185

the number of the motor. The detective then gave six numbers on the car taken from Kreidt which were the same numbers as those on the car for which the defendant Lewis had obtained the insurance. As further identifying the car, R. W. Ellington testified that some time in May, 1920, he bought an Essex five passenger touring car from Padrick, color green. He kept the car about seven months and traded it back to Padrick. In the car found in Kreidt's possession and on the button which is used to make the horn blow, the initials "R. W. E." were scratched with a pin.

During the progress of these transactions, Lewis was often seen with Padrick, who kept an automobile accessory establishment. The note discounted in the First National Bank had Padrick's name as endorser and Lewis' name as maker on it.

The insurance company did not settle Lewis' claim until 4 February, 1922. There are about seven or eight Essex cars around Henderson. All these cars are easily identified.

The jury returned a verdict of guilty as to both defendants on all the counts. The defendant Lewis appealed.

*Attorney-General Manning and Assistant Attorney-General Nash for the State.*

*Brantley Womble and Ben. T. Holden for appellant.*

ADAMS, J. On motion of the prosecution, his Honor ordered the consolidation of all the indictments, and the defendant excepted. If the several bills could have been incorporated in a single indictment as separate counts, there was no sufficient legal objection to the order of consolidation, and in the absence of legal objection the question was addressed to the sound discretion of the court.

Two offenses, it is true, cannot be charged in the same count, for in such case the count would be bad for duplicity (*S. v. King,* 106 N. C., 683); but, says Archbold, "There is no objection to stating the same offense in different ways, in as many different counts of the indictment as you may think necessary, even although the judgment on the several counts be different, provided all counts be for felonies or all for misdemeanors." 1 Archbold's Cr. Pr. and Pld., 93, 95. Two of the counts charge the defendants with a conspiracy. Formerly a conspiracy committed with deceit and intent to defraud was punishable by imprisonment in the penitentiary, but by virtue of a change in the statute it is not now a felony (C. S., 4171), although the punishment is more severe than that prescribed for misdemeanors at common law. The Code, sec. 1097; Rev., sec. 3293; C. S., 4173; *S. v. Mallett,* 125 N. C., 723; *S. v. Howard,* 129 N. C., 662.

The reason which was urged in England against the joinder of a felony with a misdemeanor was that the defendant would thereby lose the benefit of having a copy of the indictment and a special jury, and of making his full defense by counsel (1 Archbold, 93, n. 2), but with us this reason cannot apply, and it is now held that different counts relating to the same transaction or to a series of transactions tending to one result may be joined although the offenses are not of the same grade.  *S. v. Burnett,* 142 N. C., 578; *S. v. Howard,* 129 N. C., 585; *S. v. Jarvis, ibid.,* 698; *S. v. Harris,* 106 N. C., 683; C. S., 4622; *S. v. Mills,* 181 N. C., 531; Bishop's New Cr. Pro., sec. 423 (4).

The inclusion of the last bill charging a separate offense against the defendant Lewis is not fatal on the ground of multiplicity or misjoinder, because in another on which they were convicted the defendants were jointly charged with the same offense, one as principal and the other as accessory.  *S. v. Harris,* 106 N. C., 683.   There was no motion at the close of the evidence to require an election, and, besides, the jury returned a verdict upon each of the counts.   As the rights of the appellant seem to have been carefully guarded at the trial, we perceive no reason for holding as a matter of law that the consolidation of the several indictments necessarily operated to his prejudice, and we fail to discover any indication of an abuse of his Honor's discretion.

The exception to the court's refusal to dismiss the action as in case of nonsuit is without merit, for evidence in support of the verdict was plenary; and as Padrick and Lewis were indicted for unlawfully conspiring together to commit a crime his Honor properly instructed the jury that as to this charge both must be found guilty or both not guilty.

Upon examination of the whole record, we conclude that the other exceptions require no discussion.   We find

No error.