### STATE v. JACK RICE.

(Filed 23 March, 1932.)

**Criminal Law I f—Consolidation of actions after beginning of trial held prejudicial and reversible error in this case.**

Upon the trial under an indictment charging the prisoner with murder of M. in which a conviction of first degree murder is not sought, it is reversible error to the defendant's prejudice for the trial court upon his own motion, after a substantial part of the evidence had been introduced

to consolidate the action with another action under a separate indictment charging the prisoner with an assault with a deadly weapon upon D. with intent to kill, the prisoner being afforded no opportunity to pass upon the impartiality of the jury upon the assault charge or an opportunity to plead to the charge, C. S., 4622.

CRIMINAL ACTION, before *Stack, J.,* at August Term, 1931, of MADISON.

The defendant was indicted in two separate indictments. The first indictment charged him with the murder of McKinley Shelton, and the second charged an assault upon Delbert Shelton with a deadly weapon with intent to kill. Before the jury was empaneled the solicitor announced in open court that he would not ask for conviction for murder in the first degree upon the first bill of indictment but for murder in the second degree, or manslaughter, or not guilty as the evidence might warrant. The defendant was placed on trial on the first bill and pleaded not guilty. Whereupon a jury was selected and empaneled. Thereupon the State offered testimony. Near the conclusion of the testimony of the first witness for the State the trial judge made the following declaration from the bench: "I will consolidate these two bills to my own motion. Make this entry: The court consolidates the two bills and will try them at the same time." The defendant excepted to the order consolidating said bills of indictment.

The defendant was convicted of manslaughter, and also of assault with a deadly weapon with intent to kill. He was sentenced to the State's prison for a period of not less than ten nor more than fifteen years upon the murder indictment and for not less than seven nor more than ten years in the indictment charging assault with a deadly weapon. The latter judgment, however, was to be suspended if the defendant should pay the sum of $1,000, one-half to the school fund and the other half to the State's witness, Delbert Shelton.

From judgment pronounced, defendant appealed.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Guy V. Roberts, J. Coleman Ramsey and John H. McElroy for defendant.*

BROGDEN, J. The defendant was charged with a capital felony. When the case was called for trial the solicitor announced that he would not press the charge for capital felony but would ask for a verdict for murder in the second degree or manslaughter. The defendant pleaded not guilty and a jury was sworn and empaneled. The State began to offer testimony and introduced a witness named Delbert Shelton, who

proceeded to testify as to the events resulting in the killing of McKinley Shelton by the defendant. After the first witness for the State had practically completed his direct examination the trial judge, of his own motion, brought into the case by consolidation another indictment charging the defendant with assault with a deadly weapon with intent to kill, committed by the defendant against Delbert Shelton, the State's witness. Hence the question of law arises: Did the trial judge have power to consolidate the indictments under the circumstances?

C. S., 4622, regulates the consolidation of criminal actions. This statute has been construed in many decisions of this Court. In *S. v. Combs,* 200 .N. C., 671, 158 S. E., 252, it is written: "The court is expressly authorized by statute in this State to order the consolidation for trial of two or more indictments in which the defendant or defendants are charged with crimes of the same class, which are so connected in time or place as that evidence at the trial of one of the indictments will be competent and admissible at the trial of the others." *S. v. Lewis,* 185 N. C., 640, 116 S. E., 259; *S. v. Smith,* 201 N. C., 494; *S. v. Malpass,* 189 N. C., 349, 127 S. E., 248. Moreover, it has been generally held that if separate offenses are charged in the same warrant or indictment, they are to be considered as separate counts. *S. v. Jarrett,* 189 N. C., 516, 127 S. E., 590.

Without debating the question as to whether the indictments could have properly been consolidated at the beginning of the trial, it is obvious that the consolidation thereof, pending the taking of testimony on the indictment for murder, was prejudicial to the defendant. He was afforded no opportunity to pass upon the impartiality of the jury upon the assault charge, nor had he been permitted to plead to such charge. These principles are fundamental and the failure to apply them in the case at bar entitles the defendant to a new trial. *S. v. Jackson,* 82 N. C., 565; *S. v. Cunningham,* 94 N. C., 824.

New trial.