## STATE v. SAMUEL LEE DUNSTON.

(Filed 12 January, 1962.)

**1. Arrest and Bail § 6—**

An indictment charging that defendant did unlawfully and wilfully resist a public officer while discharging and attempting to discharge a duty of his office is fatally defective in failing to charge the official duty the designated officer was discharging or attempting to discharge.

**2. Criminal Law §§ 121, 139—**

Where it appears that a bill of indictment or a separate count therein does not sufficiently charge an offense, the Supreme Court will arrest the judgment thereon *ex mero motu.*

**3. Criminal Law § 87—**

Where the record justifies the conclusion that after the jury had been impaneled and prosecution begun upon one bill of indictment other bills of indictment were consolidated for trial therewith, a new trial will be awarded even though the indictments might have been properly consolidated initially, since the defendant must be afforded opportunity to plead to the counts consolidated and to pass upon the impartiality of the jury upon such counts. G.S. 15-152.

APPEAL by defendant from *Carr, J.,* 5 June 1961 Regular Criminal Term of WAKE.

Criminal prosecution upon charges in separate bills of indictment. Bill No. 6408 included three counts, charging the defendant with: (1) careless and reckless driving; (2) speeding 90 miles per hour in a 55 miles per hour zone; and (3) unlawfully and wilfully "did resist, delay and obstruct a public officer, to wit, H. W. Hodges, a police officer for the Town of Wake Forest, N. C., while he the said H. W. Hodges was then and there attempting to discharge and discharging the duty of his office by hitting said officer in the stomach and kicking him on the legs * * *."

Bill No. 6409 charged the defendant with being the driver of a motor vehicle involved in a collision resulting in property damage to the automobile of one Ervin Dalzell, and did unlawfully and wilfully fail to immediately stop such vehicle at the scene of said accident and collision and did fail to give his name, address, operator's and chauffeur's license number, and the registration number of his vehicle to the owner of the other motor vehicle involved in the collision.

At the call of these cases, the Assistant Solicitor moved for the consolidation of the charge of "hit-and-run" in indictment No. 6409 and count No. 3 in bill of indictment No. 6408, resisting an officer. The court allowed the motion for consolidation. The defendant entered a plea of not guilty to these counts. The jury was chosen, sworn and

impaneled. H. W. Hodges was sworn and examined as a witness in behalf of the State. During the examination of this witness, according to the record, the "jury was impaneled on the charge of reckless driving." The defendant objected to the consolidation of this charge with the other charges for trial. The defendant's objection was overruled. He excepted. The examination of H. W. Hodges was resumed. Other witnesses were sworn and examined in behalf of the State.

The defendant moved for a nonsuit on all four counts. The court denied the motion as to each count except the count charging the defendant with speeding. Whereupon, the court found as a fact that the jury was not selected and impaneled to try the speeding charge and that it was not before the jury for disposition and denied the motion. Without objection by the defendant, the jury was impaneled to try the charge of speeding 90 miles an hour in a 55-mile zone. Witnesses were called to testify with respect to this charge and the State rested. The defendant renewed his motion for judgment as of nonsuit. Motion was denied and defendant excepted. The defendant offered evidence and rested.

After the charge of the court, the jurors returned for their verdict that the defendant was guilty of careless and reckless driving, speeding in excess of 70 miles an hour and not in excess of 75 miles per hour, and resisting an officer, but not guilty on the charge of hit-and-run.

The court consolidated the cases for judgment. From the judgment imposed the defendant appeals, assigning error.

*Attorney General Bruton, Asst. Attorney General H. Horton Rountree for the State.*
*Hubert H. Senter for defendant.*

DENNY, J.  At the threshold of this case we are confronted with a fatally defective count in bill of indictment No. 6408, charging the defendant with resisting an officer. The bill of indictment is defective in that it does not allege all the facts necessary to constitute an offense under G.S. 14-223. Here, as in the case of *S. v. Stonestreet*, 243 N.C. 28, 89 S.E. 2d 734, the bill fails to charge the official duty the named officer was discharging or attempting to discharge. *S. v. Harvey*, 242 N.C. 111, 86 S.E. 2d 793; *S. v. Eason*, 242 N.C. 59, 86 S.E. 2d 774.

It is the duty of this Court to carefully scrutinize the record on appeal. And if it appears that a judgment has been entered on a bill of indictment or upon a separate count therein and that such bill or count does not sufficiently charge an offense, it is the duty of this Court, *ex mero motu*, to arrest judgment. *S. v. Thorne*, 238 N.C. 392, 78 S.E. 2d 140; *S. v. Watkins*, 101 N.C. 702, 8 S.E. 346.

The appellant's first assignment of error is to the action of the trial court in consolidating the charge of careless and reckless driving with the charges of hit-and-run and resisting an officer after the trial had commenced and the State had begun to offer testimony. After this additional count had been consolidated with the counts originally consolidated for trial, the State continued to examine H. W. Hodges. The defendant objected to each question propounded to this witness. Whereupon, the court stated: "If you are objecting to it, I will permit you to examine the jury further if you want to." Defendant's counsel then announced that "the defendant passes the jury, but does not waive any objection made." The Assistant Solicitor then announced that "the State passes the jury."

Assignment of error No. 2 is to the order of the court directing that the jury be impaneled to try the charge of careless and reckless driving before the jury was passed by the State and the defendant.

Assignment of error No. 14 is to the impaneling of the jury three different times during the course of the presentation of the State's evidence.

It does not appear from the record proper that the defendant entered any plea to the count charging him with careless and reckless driving or to the count charging him with speeding. Furthermore, there is nothing to indicate that the defendant was given an opportunity to pass upon the impartiality of the jury upon the speeding charge. We shall consider these three assignments of error together.

The State points out in its brief that in the statement of the case on appeal the following appears: "When the cases were called for trial, the Assistant Solicitor stated that the defendant was being tried on bills of indictment numbered 6408 and 6409 and moved that the cases be consolidated for trial. The defendant made no objection to the consolidation. The defendant entered a plea of not guilty to each case."

There is nothing in the record to support this statement. On the other hand, the record is to the effect that when the cases were called, the Assistant Solicitor moved for the consolidation of the charges of hit-and-run and resisting arrest. The court allowed the motion and the defendant entered a plea of not guilty to these two counts.

Moreover, when the State concluded its evidence and the defendant moved for judgment of nonsuit on the speeding count, the court found as a fact that the jury had not been selected and impaneled to try the speeding charge and that it was not before the jury for disposition.

The State contends that the consolidation of the charge of careless and reckless driving with the charges of hit-and-run and resisting an officer was seasonably brought to the attention of the court and

that the defendant was not prejudiced by the consolidation. Furthermore, the State takes the position that when the defendant did not object to having the speeding charge disposed of at the close of the State's evidence, there was no question of consolidation but a new charge; that the court having found that this charge was not before it, at the close of the State's evidence, the defendant by not objecting to the jury being re-impaneled to try the speeding charge, waived all objections to the procedure.

It will be noted that there is nothing in the record to indicate that the Assistant Solicitor moved for the consolidation of the speeding count with the other counts for trial, or that the court ordered a consolidation. It appears that the court simply ordered the jury impaneled for the purpose of trying the charge of speeding, and the evidence was offered on the question of speeding, which count was submitted to the jury as though there had been a consolidation of all four counts.

In the case of *S. v. Rice,* 202 N.C. 411, 163 S.E. 112, the defendant was indicted in two separate bills: (1) murder; and (2) assault with a deadly weapon, with intent to kill. The defendant was placed on trial on the first bill and pleaded not guilty. The jury was selected and impaneled. Near the conclusion of the testimony of the first witness for the State, the trial judge announced that he was consolidating the two bills for trial at the same time. The defendant was convicted of manslaughter and assault with a deadly weapon, with intent to kill. On appeal this Court ordered a new trial. *Brodgen, J.,* speaking for the Court, said: "Without debating the question as to whether the indictments could have properly been consolidated at the beginning of the trial, it is obvious that the consolidation thereof, pending the taking of testimony on the indictment for murder, was prejudicial to the defendant. He was afforded no opportunity to pass upon the impartiality of the jury upon the assault charge, nor had he been permitted to plead to such charge. These principles are fundamental and the failure to apply them in the case at bar entitles the defendant to a new trial. *S. v. Jackson,* 82 N.C. 565; *S. v. Cunningham,* 94 N.C. 824."

In *S. v. Harris,* 223 N.C. 697, 28 S.E. 2d 232, three separate bills of indictment were returned against the defendant, charging him with three homicides. During the examination of the State's first witness, the defendant moved that the three indictments be consolidated and tried together. Overruled. On appeal this Court found no error. *Stacy, C.J.,* speaking for the Court, said: "First, in respect of the defendant's motion to consolidate the three indictments for trial, it is to be observed that this came during the progress of the hearing. Had the motion been made *in limine,* a different situation might have arisen, as

the court observed at the time. C.S., 4622 (now G.S. 15-152). However, after the jury had been impaneled and the prosecution had begun to offer its evidence, the court regarded the motion as too late and remarked that it could only be granted by ordering a mistrial and selecting another jury to try the three consolidated cases. The jury had been impaneled to try the issue between the State and the accused on the indictment charging the defendant with the murder of Mrs. E. A. Bill, and none other. No motion for a mistrial was lodged by the defendant. * * *

"True it is provided by C.S., 4622 (now G.S. 15-152) that where there are several charges against any person for the same act or for two or more transactions connected together, or for two or more transactions of the same class of offenses, which may be properly joined, the court will order them to be consolidated. S. v. Combs, 200 N.C. 671, 158 S.E. 252; S. v. Malpass, 189 N.C. 349, 127 S.E. 248; S. v. Lewis, 185 N.C. 640, 116 S.E. 259. This means, however, that the order of consolidation will be made in such cases when seasonably brought to the court's attention, and not at a time when the validity of the whole trial might seriously be threatened by the consolidation. S. v. Rice, supra. * * *"

In view of the unsatisfactory condition of the record on this appeal and our inability to ascertain therefrom just what did occur in the course of the trial below, and in light of the authorities cited herein, we have concluded that the defendant was not given a trial in conformity with the orderly and well established criminal procedure to which a defendant is entitled. There is nothing in the record to justify the piecemeal steps taken by the Assistant Solicitor in the prosecution of these charges against the defendant.

Therefore, since the verdicts on the three counts upon which the defendant was convicted were consolidated for judgment, the judgment is arrested on the count charging the defendant with resisting an officer. The Solicitor may procure a proper bill on this count if so advised. A new trial is granted on the charges of careless and reckless driving and speeding.

On charge of resisting an officer:

Judgment arrested.

On charges of careless and reckless driving and speeding:

New trial.