STATE OF NORTH CAROLINA v. ERLE DOWNING

No. 7612SC596

(Filed 15 December 1976)

**Constitutional Law § 33; Criminal Law § 80— business records lawfully seized — right against self-incrimination not violated by admission**

　　The search of defendant's business office pursuant to legally issued and executed search warrants for business records, their seizure, and subsequent introduction into evidence did not violate defendant's Fifth Amendment right against self-incrimination, nor did Article I, § 23 of the N. C. Constitution, require exclusion of the records in defendant's trial for wilfully and knowingly presenting a fraudulent insurance claim.

APPEAL by the State from *Herring, Judge.* Order entered 14 June 1976 in Superior Court, CUMBERLAND County. Heard in the Court of Appeals 8 December 1976.

This is an appeal by the State from an order granting defendant's pre-trial motion to suppress certain evidence consisting of papers and records seized after a search of defendant's professional office made pursuant to valid search warrants.

Defendant is a chiropractor who maintains his office in Fayetteville. On 21 January 1976 twenty search warrants were issued for records concerning twenty of defendant's patients, which records were alleged to be in defendant's professional office. On 22 January 1976 the chief investigator for the North Carolina Insurance Department and other officers executed the warrants by conducting a search of defendant's office in his presence. As a result of this search the records now in question were seized. These records consist of defendant's chiropractic records and copies of letters written by him to various insurance companies relating to his treatment of a patient, one Willie Melvin, as well as his Day Book for the years 1971 through 1975.

When the search was made, no charges were pending against the defendant. He was subsequently indicted for violation of G.S. 14-214 by wilfully and knowingly presenting a false and fraudulent claim and proof in support of said claim for payment of benefits upon a contract of insurance for medical treatment of Willie Melvin for injuries Melvin allegedly sustained in an automobile accident.

Upon arraignment, prior to entering a plea, defendant moved to suppress the State's evidence seized pursuant to the search warrants on the ground that to allow the evidence would be compelling him to be a witness against himself in violation of the Fourth and Fifth Amendments of the United States Constitution and Article I, Sec. 23 of the North Carolina Constitution. At the hearing on the motion the defendant and the State stipulated that the search warrants were legally issued and executed. The court allowed the motion, and the State appealed.

*Attorney General Edmisten by Associate Attorney General Elisha H. Bunting, Jr., for the State, appellant.*

*Donald R. Canady and N. H. Person for defendant appellee.*

PARKER, Judge.

This appeal is authorized by G.S. 15A-979(c). The parties having stipulated that the search warrants were legally issued and executed, no Fourth Amendment problems are presented. The only question presented is whether suppression of the seized evidence is required by the Fifth Amendment to the United States Constitution or by Article I, Sec. 23, of the North Carolina Constitution. We hold that it is not and accordingly reverse the order of the trial court.

The order appealed from was entered 14 June 1976. On 29 June 1976 the United States Supreme Court decided *Andresen v. Maryland,* ___ U.S. ___, 49 L.Ed. 2d 627, 96 S.Ct. 2337 (1976), in which, on facts strikingly similar to those here presented, the Court held "that the search of an individual's office for business records, their seizure, and subsequent introduction into evidence does not offend the Fifth Amendment's prescription that '[n]o person . . . shall be compelled in any criminal case to be a witness against himself.'" We find *Andresen* controlling to dispose of defendant's Fifth Amendment claims.

We also find nothing in the Constitution or laws of this State which requires exclusion of the seized records. Article I, Section 23 of the North Carolina Constitution provides that "[i]n all criminal prosecutions, every person charged with crime has the right to . . . not be compelled to give self-incriminating evidence." Defendant here has not been compelled to do any-

thing. He voluntarily made and kept the records involved, and they were seized by lawful process without his being required to say or do anything. Although the constitutional privilege against self-incrimination applies to the production of papers so that if the accused is compelled to produce them the privilege is violated, *State v. Hollingsworth,* 191 N.C. 595, 132 S.E. 667 (1926), "[l]awful seizure of such evidence (as, for example, pursuant to a valid search warrant) obviously differs from requiring the accused to produce it and does not violate the privilege." 1 Stansbury's N. C. Evidence, Brandis Revision, § 57, p. 177-78; *see State v. Shoup,* 226 N.C. 69, 36 S.E. 2d 697 (1946) ; *State v. Mallett,* 125 N.C. 718, 34 S.E. 651 (1899).

Reversed.

Judges HEDRICK and CLARK concur.